## No. 5164.

### STATE OF LOUISIANA v. E. B. TINNEY.

The offense for which the accused was tried is not prescribed, because the indictment was not filed within a year after the crime had been committed. The statute merely says that the indictment must be found within a year after the offense was made known to the public officer having power to direct investigation and prosecution.

The law does not say that, because the foreman of a grand jury can not write his name, the indictment found by the grand jury of which he is foreman shall not be good.

After a motion for a new trial which has been refused, it is too late to urge in arrest of judgment that the jury were guilty of misconduct, partiality and prejudice against the accused.

The judge a quo did not err in refusing to permit the introduction in evidence of the certificate of the post mortem examination given by the physician who made it. There is nothing to show that the physician himself could not have been procured. His testimony, if it could be obtained, was the evidence required, and not his certificate.

APPEAL from the Fourth Judicial District Court, parish of St. Charles. Flagg, J. Criminal case. James D. Augustin and Julien Michel, for appellant. Henry C. Dibble, Assistant Attorney General, for appellee.

MORGAN, J. The defendant, convicted of manslaughter, has appealed from the judgment of the district court which sentenced him to seven years' imprisonment at hard labor in the penitentiary.

His first complaint is, that the crime charged against him was on the face of the papers prescribed, when what purports to be the indictment, was filed in court. He relies on section 986 of the Revised

Statutes, which declares that "no person shall be prosecuted, tried or punished for any offense, willful murder, arson, robbery, forgery and counterfeiting excepted, unless the indictment or presentment for the same be found or exhibited within one year next after the offense shall have been made known to a public officer having the power to direct the investigation or prosecution." The slaying is alleged to have taken place on the third September, 1871. The indictment, or what the defendant says purports to be the indictment, was found on the second of October, 1871. The objection, however, seems to be that it was not filed until the second October, 1872. The statute does not sustain the objection. The indictment was found within a year next after the offense was made known to the public officer having the power to direct investigation and prosecution, and this is what the law says shall be done—not that the indictment shall be filed within a year after the crime has been committed.

The second objection is that the "paper purporting to be an indictment against him lacks all the essential requisites of an indictment." The fault complained of is that it is not signed and indorsed by the foreman of the grand jury, and as the constitution requires. The indictment is signed thus:

"A true bill.           WILLIAM $\overset{\text{his}}{\underset{\text{mark}}{\bowtie}}$ TAYLOR,

Foreman."

The law does not say that because the foreman of a grand jury can not write his name, the indictment found by the grand jury of which he is foreman shall not be good.

His third objection is that "the statutes of the State restricting the qualifications of jurors to citizens of the State who are duly qualified electors, registered voters, are unconstitutional and violative of articles five (amendments) and six of the constitution of the United States, and of the article xiv, section one, constitutional amendments thereto, and of article six of the constitution of the State. By them the accused has a constitutional right to be tried by a jury of his peers, drawn from among all of his peers who enjoy the civil and political right of citizens and freemen, and who have the right and capacity to enjoy them, whether said political rights are exercised actively by registry on a list of duly qualified electors and evidenced by a certificate of registry or not."

We quote the language of the objection. It answers itself.

The next ground he stands upon is that several of the jury were guilty of misconduct and partiality and prejudice against him, and he proved by one Bron that he, Bron, was a juror in another case; that several of the jurors who were impanneled on the trial of the defend-

ant were also jurors in the case upon which Bron was a juror, and that during the conversations and discussions in the case alluded to, several of the jurors who tried the defendant declared that in his (the defendant's) case, "he ought to be convicted, as he was a bad man anyhow," and they would convict him if taken as jurors in his case. This was urged in arrest of judgment after a motion for a new trial had been refused. The judge did not err in refusing to consider it. It came too late. The exception to the ruling of the judge in refusing to permit the certificate of the *post mortem* examination given by the physician who made it, is not well taken. The judge did not err. There is nothing to show that the physician himself could not have been procured, and his testimony, if it could be obtained, was the evidence required, and not his certificate.

Judgment affirmed.

Rehearing refused.