ST. PAUL, J.
The defendants were charged, the one with manufacturing, and the others with possessing, intoxicating liquor for beverage purposes, and by motions to quash and for a new trial, they attack the constitutionality of Act 39 of 1921 (Extra Session) commonly called the “Hood Act.”
Their ground of attack is the same as set up in State v. Marceaux, 93 South. 916-[1] this day decided adversely to the claims of appellant.
II.
Lonnie Bridges and Bill Frost complain that, after their motion for a new trial was overruled, they asked for time in which to prepare a motion in, arrest of judgment, which the court refused. As to this the judge says in his “per curiam”:
“ * * * Counsel had been given five days in which to prepare the motion, and it was then the last day of court, * * * the matter was largely in the discretion of the court, and I do not think I abused that discretion. * * * He did not.point out.or state to the court any ground upon which he could basq any motion in arrest of judgment, and has not yet done so. In fact, I was certain that he merely wanted to reiterate the grounds set up in his motion to quash the indictment. His rights in that respect have been reserved in another bill of exception” —citing 16 Corpus Juris, 1263, 1264, and State v. Tinney. 26 La. Ann. 460.
We think the judge correctly states that the matter was largely in his discretion, and that there has been no abuse of that discretion in this case.
Decree.
It is therefore ordered that the judgments appealed from be affirmed.

 Post, p. 604.