## No. 6308.

### STATE vs. GUS ANDERSON.

The act of 1874 creating the " Superior Criminal Court," for the parish of Orleans, is constitutional.

The Legislature may establish as many district courts within the parish of Orleans as the public interests shall require.

The omission of the word " *district*," in the title of the act creating the " Superior Criminal Court," does not affect its character as a district court.

The Attorney General, or District Attorney, may employ associate counsel to aid him in a case, and, being present, may entrust to his associate the exclusive conduct of the case.

In criminal cases this court has jurisdiction only of questions of law, and hence can not review a verdict.

APPEAL from the Superior Criminal Court, parish of Orleans.     *Steele,.* J.

*A. P. Field*, Attorney General, for the State.

*E. C. Kelly*, for defendant and appellant.

The opinion of the court was delivered by

MARR, J.   The appellant was convicted of rape, in the Superior Criminal Court for the parish of Orleans, and sentenced to the penitentiary for life.   After an ineffectual motion for a new trial, he brings the case before us by appeal.

His counsel assigns for errors, apparent on the face of the record:

First—That the act of the Legislature, No. 124, approved ninth of April, 1874, creating the Superior Criminal Court, is in violation of the constitution, article seventy-three, which vests the entire judicial power in a Supreme Court, district courts, parish courts, and justices of the peace.

Second—That the prosecution was not conducted by the Attorney General, nor by the Assistant Attorney General, nor by the district attorney for the parish of Orleans, but by S. J. N. Smith, Esq., who had no official capacity, and no authority to prosecute in the name and behalf of the State.

First—The act of 1874, creating the Superior Criminal Court, section.

one, declares that, "there shall be and is hereby created an additional district court for the parish of Orleans to be denominated the Superior Criminal Court for the parish of Orleans."

The constitution, article eighty-three, empowers the Legislature to establish as many district courts in the parish of Orleans as the public interest may require. The act of 1874, creating another district court, in and for the parish of Orleans, is within the power thus conferred; and the fact that the Legislature chose to call this district court the Superior Criminal Court, omitting the word " district " in its name and denomination, does not make it any the less a district court, or violate, in any sense, article seventy-three of the constitution.

Second—The indictment is signed by John McPhelin, in his capacity as district attorney. The minutes show that the district attorney was present in court when the accused was arraigned, and pleaded not guilty; and that he was present when he was put upon his trial. It appears that S. J. N. Smith, Esq., prosecuted for the State, in this behalf, by authority of the Attorney General. It also appears, by the minutes, that the district attorney was present when the motion for a new trial was made, when it was argued and submitted, when it was overruled, when the accused was sentenced, and when the appeal was taken.

It is not uncommon for the district attorney or the Attorney General to be assisted by other counsel; and if an assistant may appear, he may lead, or conduct the trial alone, by the permission of the district attorney or Attorney General. The accused has no right to complain that the Attorney General availed himself of the services of another, in the trial of this case, nor can his rights have been in any manner thereby prejudiced.

The motion for a new trial is on the grounds:

First—That the verdict is contrary to the law and the evidence.

Second—That since the trial accused has discovered evidence important to the cause, which he could not, with due diligence, have obtained before.

First—In criminal cases the jurisdiction of this court is limited to questions of law only; and if we had the authority to pass upon the evidence, and to decide as to its sufficiency to sustain the verdict, it would not be possible for us to do so without having the testimony before us.

Second—The affidavits filed in this case do not show that the evidence was discovered since the trial. There had been a trial before, the result of which was a conviction, and, on appeal, the case was remanded for a new trial, because of want of authority in the judge. On the second trial the accused did not ask for a continuance, but announced himself ready. It is manifest that he knew, from the date of the alleged commission of

the crime, nearly two years before the last trial, whether he could prove by Joseph the facts alleged in their affidavits. The experience of one trial had developed the exigencies of the case; and nothing is stated tending to show any effort to procure the testimony of this witness. ·

We do not think good cause for a new trial was shown; and the ends of justice do not require us to interfere with the ruling of the judge *a quo* in refusing to open the case for a third trial.

The judgment appealed from is affirmed with costs.