State vs. Mangrum.

## No. 8890.

### THE STATE OF LOUISIANA VS. ROBERT MANGRUM.

The employment of private counsel, and his assistance of the District Attorney in the prosecution of the offense, is not sufficient to set aside the verdict. Decision in State vs. Gus. Anderson, 29 An. 774, reaffirmed.

Where jury commissioners accept a number of names found in the venire box, selected by their predecessors, after due examination into their competency and qualifications as jurors, and add to these names others to make up the prescribed number, the law is substantially complied with, and the drawing and the selection of the venire is not vitiated.

Where a juror has been examined on his *voir dire* by counsel for the State and the accused, and the Judge has ruled that he was competent, it is too late for the counsel for the accused to reopen the examination upon the matter of his competency; and the further fact that the person objected to did not serve on the jury, leaves the accused without the least ground of complaint.

Where the Judge charged "that the State was bound to introduce the best evidence attainable," but refused to add that "the rule applies to the examination and analysis of the alleged blood stains," there was no error, because the first was sufficiently comprehensive to include all the evidence, and that refused, involved the assumption of the fact of an examination of blood stains and, therefore, trenched upon the facts.

Where there is no written charge of the Judge to the jury in the record, and no exception was made thereto when delivered, and no request made for a charge upon a certain point, complaint of the omission to give the charge not asked for cannot be considered.

APPEAL from the Nineteenth District Court, Parish of Terrebonne. *Goode, J.*

---

*J. C. Egan,* Attorney General, for the State, Appellee:

1.  Private counsel may appear in court and assist the State officer in the prosecution of a case. 29 An. 774.
2.  The jury commission is not restricted to any one method of obtaining names of jurors. If their selection is made from the citizens and *bona fide* residents of the parish where the court is holden, the selection and action are valid.
3.  It is too late to examine a juror after he has been declared competent, particularly where he has already virtually answered the questions sought to be propounded.
4.  Defendant cannot be heard to complain of the action of the court in overruling his challenge for cause to a juror, when it is not shown that he has exhausted his peremptory challenges.
5.  Facts in the personal knowledge of a juror may be testified to by him. Waterman's U. S. Crim. Digest, Sec. 68, p. 652.
6.  The Judge properly refused to give to the jury a special charge requested, which would be an application of the law to the facts of the case, and thereby pass upon the effect of the evidence,
7.  The motion for a new trial, when not embraced in or made part of a bill of exceptions, will not be noticed by this Court. 32 An. 844.

*Taylor Beattie* for Defendant and Appellant.

---

The opinion of the Court was delivered by

TODD, J. The defendant was convicted of murder and sentenced to imprisonment for life in the penitentiary, and has appealed.

He presents the following grounds for the reversal of the sentence:

1. " That private counsel was permitted to aid the District Attorney in the prosecution."

This question was settled in the case of the State vs. Anderson, 29 An. 774, where the prosecution was conducted exclusively by private counsel, the Attorney General and the District Attorney being absent and not participating at all in the trial, which was a much stronger case for the accused than the instant one. Yet, under the circumstances stated, this Court in that case refused to set aside the verdict. Here the District Attorney was present, conducting the prosecution, and private counsel merely assisted him therein.

2. The next ground of complaint is made to the refusal of the District Judge to quash the indictment, the motion to quash being founded on the alleged failure of the jury commissioners to select the venire in the manner required by law.

It appears that the commissioners found the names of 220 jurors in the jury box left over by their predecessors from a previous drawing.

These names were examined by the commissioners and approved, and eighty more added to these to make up the required three hundred.

In the language of the clerk of the court, who was sworn touching this matter : " The jury commissioners examined the 220 names in the box, approved of their selection and accepted them, and had them to remain. The commissioners were very careful of the jury drawing; * * * they read the list of names of electors in the general venire box, and approved of them, * * * and added thereto eighty names, to make the box contain the names of three hundred, after which the juries were drawn."

We see nothing in this sufficient to vitiate the drawing. It shows that the names selected were approved by two sets of commissioners. The law does not restrict the commissioners to any particular mode of making their selections ; and there is no reason why the jurors chosen in this way were not as good and competent as if some other plan of selection had been resorted to.

3. A juror called was challenged by the accused for cause. He was examined on his *voir dire*, both by the counsel for the State and the accused, and the Judge ruled that he was competent. After such ruling the counsel for the accused attempted to reopen the examination and to interrogate the juror about another matter affecting his competency, and was refused the privilege of doing so. This new matter sought to be investigated, which appears in the bill, of itself, and in view of his answers to questions on his examination, did not show the incompetency of the juror, or justify the Judge in discharging him. We note also, that this juror did not serve on the jury, and, therefore, must have been challenged by the accused peremptorily. In any light

State vs. Mangrum.

we view the ruling, it affords no sufficient ground to set aside the verdict.

4. The Judge refused to sustain another challenge for cause, directed against a juror who had made a plot or drawing of the *locus in quo* of the alleged homicide, and was summoned by the State as a witness, to testify respecting it, and when challenged, the District Attorney stated that he was summoned for nothing else, and that he would not call him at all, and the juror stated that he had formed no opinion. He was ruled competent.

We do not find his name among the jurors who tried the case, and whether he was challenged for cause, or peremptorily, and if challenged peremptorily, that the peremptory challenges were thereby exhausted. It is quite certain that the matter affords no such serious ground of complaint as to set aside the conviction, even admitting that the objection to his competency was well founded.

5. The counsel for the accused asked the court to give the following charges: 1st. "The State was bound to introduce the best evidence attainable, and none other will supply its place." 2d. "This rule applies to the examination and analysis of the alleged blood stains on the boots, as well as other evidence."

The Judge charged the first, and refused to charge the second. He was right. The first was comprehensive enough to embrace the entire evidence before the jury. The second was not only unnecessary, but inadmissible, because it assumed as a fact that there had been an examination and analysis of blood stains on the boots of the prisoner, and the statement by the Judge that such a fact had been proved would have been improper.

6. The Judge failed to charge with respect to manslaughter and to instruct the jury that a verdict for manslaughter was one of the verdicts they could render.

The charge of the Judge was not delivered in writing; it is not to be found in the record. Whatever it was, there was no exception taken to it and no bill retained. It furthermore appears, from the admission of counsel, that he never even requested the Judge to give the charge which he now complains was omitted. It is manifest from this statement, that there is nothing presented in this connection or on this point for the consideration of the Court. If there was any omission or irregularity in this respect, it has not been brought up in such a shape that we can consider it. This completes the review of all the objections urged to the proceedings by the accused, and we find none of them sufficient to afford him relief.

Judgment affirmed.

Rehearing refused.