## No. 10,485.

### THE STATE OF LOUISIANA VS. RICHARD JOHNSON.

1. Act 74 of 1886 authorizing the court to appoint attorney to represent the State when the district attorney is recused, sick or necessarily absent, does not violate Art 124 of the Constitution.

2. Refusal of the judge to retire the jury while taking evidence as to foundation for admission of a dying declaration objected to on the ground that, if the declaration were excluded, the evidence touching it should not be heard by the jury, loses all significance when the declaration is admitted.

3. While this Court has determined its jurisdiction to examine the evidence taken on issues of this kind and to review the findings of the district judge thereon, yet it will give great weight to such findings and will not disturb them unless manifestly inconsistent with the evidence.

4. While the appointment of a foreman to the *petit* jury by the judge is unnecessary and perhaps irregular, it is a matter too trivial to serve as a basis for relief in this Court.

5. When the witness of the accused has been questioned as to the physical power and prowess of the deceased, questions by the State on cross-examination relative to like qualities of the accused are germane and responsive to the subject-matter of the examination in chief.

State vs. Johnson.

APPEAL from the Twenty-first District Court, Parish of Iberia.
*Mouton*, J.

———

*Walter H. Rogers*, Attorney General, for the State, Appellee.

———

*A. & C. Fontelieu* and *Foster & Broussard* for Defendant and Appellant.

———

The opinion of the court was delivered by

FENNER, J. Appellant, on motion to quash and motion in arrest, complains that the indictment and proceedings against him were unlawfully signed and conducted by an attorney appointed by the court to act in the necessary absence of the district attorney.

The evidence shows that the district attorney was absent under a leave for sixty days granted by the Governor on the ground of ill health.

This is a case of necessary absence within the meaning of Act 74 of 1886, which authorizes the court " to appoint a competent attorney to represent the State in criminal and civil matters, when, from any cause, the district attorney is recused, necessarily absent, or sick."

The above act does not violate Art. 124 of the Constitution, which provides:

" That there shall be a district attorney for each judicial district * * * who shall be elected by the qualified electors of the district. Any vacancy *shall be filled* by appointment by the Governor for the unexpired term. There shall be no parish attorney or district attorney *pro tempore*."

The meaning of this provision is transparent, that there shall be no such office created by the Legislature as that of " district attorney *pro tempore*," meaning thereby a permanent officer, such as existed under anterior legislation, to assist the district attorney by acting in his stead when he is otherwise engaged.

It does not mean that the necessary business of the State must rest in inaction whenever the district attorney is sick or necessarily absent. In such case the public interest requires that the machinery of justice shall move on, and if the regular engineer is disabled a substitute must be found to act till he is restored to his duty.

State vs. Johnson.

## II.

Another exception was taken to the refusal of the judge to order the jury to retire while evidence was being taken to lay the foundation for the admission of a dying declaration. The ground of objection was that the evidence was for the court and that, if the declaration had been excluded, the jury might have heard testimony in relation to its contents which should have been excluded from them. But, as the court admitted the declaration, this objection, in this case, falls by its own weight.

## III.

The evidence on the question of admissibility is brought up under a bill, and it is claimed that it does not lay a sufficient foundation for the admission of a dying declaration. While this Court has determined in Seeley's case, 41st Ann., that it may examine the evidence taken on such issues and review the findings thereon of the judge *a quo*, yet great weight must be given to the conclusions reached by the judge, and they will be disturbed only when manifestly inconsistent with the evidence. Such is not the case here.

## IV.

The judge did not err in excluding the certificate or the evidence of a physician to the effect that, some days after the declaration, he (the physician) thought the deceased might recover.

This was manifestly irrelevant to the question of the state of deceased's mind when the declaration was taken.

## V.

The exception in the matter of the juror, under the light of the judge's statement, is too frivolous for notice.

## VI.

The judge, at the conclusion of his charge to the jury, appointed one of them to act as foreman. No objection was taken at the time, but after the jury had retired, counsel for defendant excepted to this action. The exception came too late, and is, moreover, without merit.

The appointment of a foreman by the court, whilst unnecessary and even irregular, is too trivial a matter to base relief upon. A foreman is unnecessary either under appointment of the judge or by selection of the jury; and the appointment or absence of a foreman neither adds to, nor detracts from, the validity of the verdict. State vs. Smith, 33 Ann. 1414; State vs. Daniel, 31 Ann. 91; State vs. Faulk, 30 Ann. 831; State vs. Nolan, 8 Rob. 513.

## VII.

The last exception is taken to the ruling of the court in permitting the State to ask a witness of defendant on cross-examination : "What kind of a man was Richard Johnson? Was he a powerful man, a bad man? Would he make a pretty good fight?" The objection was that the questions related to matter not referred to in the examination in chief, and had for object to prove the reputation and character of accused without previous evidence on that point.

The judge justifies his ruling by saying that the witness and previous witnesses of defendant had testified as to the physical strength and prowess of deceased and as to his being capable of executing any threats he made, and the judge thought that testimony as to like qualities in the accused was germane to the subject-matter and responsive to the evidence in chief. We think he did not err.

Judgment affirmed.