## No. 10,486.

### THE STATE OF LOUISIANA VS. JOHN MONTGOMERY.

The appointment of an attorney to act in place of the district attorney, under Act 74 of 1886, covers all the duties required of the district attorney.

The attorney so appointed is not restricted in his duties to cases already on file, but he has to discharge all the duties imposed by law upon the district attorney. He is not required to take an oath in each case.

41 1087
107 132

41 1087
113 893

APPEAL from the Twenty-first District Court, Parish of Iberia.
*Mouton*, J.

*Walter H. Rogers*, Attorney General, for the State, Appellee.

*Edward Simon, A. & C. Fontelieu* and *Foster & Broussard*, for Defendants and Appellants.

The opinion of the Court was delivered by

McENERY, J. The accused was indicted for murder and convicted of manslaughter and sentenced to imprisonment at hard labor for twenty years, from which sentence he has appealed.

The grounds of defense are that the attorney appointed by the court in the absence of the district attorney has no authority to sign, frame, or file an indictment or information under Act 74 of 1886. That his authority extends only to "pending cases."

In the case of the State vs. Richard Johnson, recently decided, the constitutionality of Act 14 of 1886 was affirmed.

Counsel for the accused, however, urge that the attorney appointed by the court, under said act, has authority to act only in pending cases, which he contends to mean cases in which indictments or information have already been presented and filed. The attorney appointed by the court in this case signed the indictment. The case was not on the docket at the time of his appointment.

The act evidently intended to cover not only all cases on the docket of the court, but all business of a criminal nature which should be brought before it. The intention of the Legislature in enacting the law and the plain meaning of the act is that there should be no interruption of criminal business on account of the absence of the district attorney.

It is also alleged in the motion in arrest of judgment that the attorney appointed by the court should have taken the oath of office in each case which he prosecuted. The reason for this is not apparent. One oath covering his official duties is sufficient.

There can be no more reason for the attorney appointed in pursuance of said act taking an oath in each case than for the regular district attorney doing the same. The attorney thus appointed has all the duties to perform and discharge that are imposed upon the district attorney, and the oath of office taken by him on entering upon the discharge of his duties is sufficient.

Judgment affirmed.