State vs. Jones.

## No. 13,283.

### STATE OF LOUISIANA vs. ED. JONES.

#### SYLLABUS.

1. Kindred offenses, generic in kind, growing out of the same transaction, may be charged in the same indictment when incorporated in different counts. (State vs. Wren, 48 Ann., 803.)

2. Where in an indictment so found, the offense charged in the first count is broader and covers and includes that charged in the second, and the jury renders a general verdict of "Guilty as charged", the district attorney was legally authorized to enter, and properly entered a *nolle-proseequi* upon this second count. (State vs. Louis, 46th Ann., 1249; State vs. Cook, 42nd Ann., 91.)

3. The fact that the talesmen summoned after the regular panel was exhausted, were called and presented for acceptance from a list prepared by the sheriff, and in the order in which their names were written on the list, furnishes no legal ground for reversal, when the accused did not insist that the names of the talesmen should be placed in a box as required by law, and drawn therefrom; but permitted the jury to be empanelled in that manner without objection and challenged none of the talesmen.

APPEAL from the Eighteenth Judicial District Court for the Parish of Terrebonne. *Caillouet, J.*

*M. J. Cunningham,* Attorney General, and *L. C. Moise,* District Attorney, for Plaintiff and Appellee.

*Suthon & Wallis* for Defendant and Appellant.

The opinion of the court was delivered by
NICHOLLS, C. J. The defendant in this case, sentenced to imprisonment at hard labor in the penitentiary for two years, has appealed.

The sentence was based upon the verdict of a jury, returned upon an information filed by the District Attorney, which contained two counts:

In the first count he was charged, under Section 851 of the Revised Statutes, with having, with force and arms, in the night time, broken and entered into the dwelling house of one A. Hackel, with intent to commit larceny.

The second count, under Section 956 of the Revised Statutes, charges that, at the same time and place, he was found in the said

dwelling house of A. Hackel with the felonious and probable intent to steal the goods and chattels of the said A. Hackel.

The verdict returned was a general one; "Guilty as charged."

Defendant, after an unsuccessful effort to obtain a new trial, submitted a motion in arrest of judgment, which being overruled, he filed a bill of exceptions to the following effect:

Be it known, that after verdict in this case, before sentence, the accused filed a motion in arrest of judgment on the ground, substantially, that the verdict was insensible, and no valid or legal judgment could be based thereon, for the reason that accused was found guilty on two counts, in the same indictment, for separate and distinct offences growing out of one and the same transaction; that for the same act he was convicted of being a burglar, under Section 851 of the Revised Statutes, and, also, of being a vagabond, under Section 965 of the Revised Statutes; that the transaction being one and the same, accused could not be both a burglar and a vagabond, and hence the verdict was insensible; that, pending argument, when attorneys for accused rose to reply to the argument of the District Attorney, the District Attorney entered a *nolle prosequi* to the second count, and the court, thereupon, overruled the motion in arrest of judgment, to which action, of the District Attorney and the court in overruling the motion, the accused objected and reserved this bill of exceptions.

We understand the action of the District Attorney in entering a *nolle prosequi,* and that of the court in overruling the motion in arrest, to be both submitted to us.

The defendant urged no objection to the information prior to pleading, or to verdict.

The exception to the information for duplicity, is not well taken.

The case falls under, and is controlled and governed by our decisions in State vs. Malloy, 30th Ann., 61; State vs. DePass & Baptiste, 31st Ann., 487; State vs. Johns, 32nd Ann., 812; State vs. Gilke, 35th Ann., 53; State vs. Green, 37th Ann., 382; State vs. Pierre, 38th Ann., 93; State vs. McDonald, 39th Ann., 960; State vs. Cook, 42nd Ann., 90; State vs. Wren, 48th Ann., 803.

The verdict returned of "Guilty as charged," found the accused guilty on both counts, but the finding on the first count being broader and covering and including the lesser offense charged in the second, the District Attorney was legally authorized to enter, and he properly

entered, the *nolle prosqui* which he did.   State vs. Louis, 46th Ann., 1249; State vs. Cook, 42nd Ann., 91.

Judgment was rightly entered upon the charge made in the first count.

Defendant, as we have said, made an unsuccessful effort to procure a new trial.

The ground assigned was, that a fatal error was committed to his prejudice, in this, that after the regular panel had been exhausted, and tales jurors were summoned, the names of the tales jurors were not put in the box and drawn therefrom, one at a time, as required by law, and in order that the element of chance and impartiality might govern in the selection of the jury, but the tales jurors were called one at a time by the sheriff from a list prepared by him, and the order in which their names were written, and thus really the jurors presented for selection, was dictated by the sheriff; that this was a fatal irregularity and worked a great wrong and injustice to the accused.

The course pursued may have been a departure from the provisions of the law, and an irregularity, but it was adopted and followed in the presence of the accused and his counsel, without objection.

The record shows no challenge to any of the jurors presented, they were all accepted as satisfactory.

If the defendant conceived that he was being prejudiced, or would be prejudiced in any way, the time for him to complain was when the list was handed in and the talesmen were called in order therefrom.

It can not, with any propriety, be said that the sheriff *"dictated"* the selection of jurors.

Finding no grounds for reversal, it is hereby ordered, adjudged and decreed, that the judgment appealed from be, and the same is, hereby affirmed.