## No. 14,242.

## STATE OF LOUISIANA VS. JOHN SMITH.

### SYLLABUS.

1. District judges are authorized by law to appoint an attorney to represent the State when, from any cause, the district attorney is recused, necessarily absent, or sick.
2. "Necessarily absent," as used in the statute, means necessarily absent *from the court;* not *from the parish.*
3. The extreme illness of a grand-child, thought to be upon its death-bed, is held to have justified the absence of the district attorney from the court and warranted the judge in appointing a substitute.

State vs. Smith.

4. The attorney so appointed, having represented the State through the greater part of the trial, and having possessed himself of that knowledge of the facts necessary to the efficient argument of the case, is not to be retired from its further prosecution because of the reappearance in court, on the second day of the trial, of the district attorney. The trial is to be viewed as a whole, and *quoad* the same he remained the district attorney *pro tem.* to the end thereof.

5. The cause which necessitated the absence of the district attorney having ceased, it was the duty of that official to report to the court; and, having done so, it is unobjectionable that he participate in the prosecution.

APPEAL from the Thirteenth Judicial District, Parish of Rapides — *Blackman, J.*

*Walter Guion,* Attorney General, and *James Andrews,* District Attorney *(Lewis Guion,* of Counsel), for Plaintiff, Appellee.

*Hunter & Hunter,* for Defendant, Appellant.

The opinion of the Court was delivered by

BLANCHARD, J. The accused was prosecuted for murder and convicted of manslaughter. From a sentence of fifteen years at hard labor, he appeals.

It appears from the record that on November 13, 1901, James Andrews, the District Attorney, represented to the Judge of the District (Court being in session) that he was unable to continue in attendance upon the court and to discharge the duties of his office because of the dangerous illness of his grand-child, who was thought to be upon its deathbed. In view of this, he suggested the appointment of John H. Overton, a member of the bar, to act in his stead for and on behalf of the State.

Whereupon Mr. Andrews was excused and Mr. Overton appointed to represent the State. He took the oath as District Attorney *pro tem.* and entered upon the discharge of his duties as such.

The following day, November 14h, the instant case was called for trial and its trial entered upon. All the State's witnesses in chief were examined that day, and most of defendant's witnesses.

The next day the trial was resumed, the defendant putting two character witnesses on the stand and himself going upon the stand. Then came some rebutting evidence by the State.

On this second day of the trial, at the hour of the assembling of the court, Mr. Andrews, the District Attorney, appeared and participated

in the prosecution of the case to the end, taking part in the argument. Mr. Overton also continued on in the prosecution, making the closing argument for the State.

At first no objection was made by the defense to the two participating in the prosecution. Later, however, when the State had called a witness in rebuttal, who was on the stand testifying to the reputation of two witnesses for the defense for truth and veracity, and had stated the same was bad, Overton asked the witness relative to some act of one of the defendant's witnesses. Counsel for defendant objected. This was followed by objection on part of the defense to Overton's further prosecution of the case on the ground that District Attorney Andrews, having reappeared in court and being then present prosecuting on behalf of the State, the appointment of Overton as District Attorney *pro tem* had elapsed, and he was *functus officio*.

Overton offered to retire if the court thought he should do so; otherwise he said he would continue on to the end of the case, discharging his duty under the oath he had taken.

District Attorney Andrews, at this juncture, stated to the court that if Overton retired from the case, it would be tantamount to the acquittal of the accused, for he, Andrews, had not heard the evidence, and understood that some of it was different from that adduced upon the preliminary examination of the accused.

The trial Judge was of the opinion that Overton should continue on to the end of the prosecution of the case, and so ruled.

To this ruling a bill of exceptions was reserved, and the matter was again brought to the attention of the court by being made the subject of a motion for a new trial, and one in arrest of judgment, both of which were overruled and bills reserved. These bills likewise challenge the legal correctness of the Judge's action in appointing Overton at all.

The questions arising for determination are, (1) on the showing made of reasons necessitating the absence of the District Attorney from the court, did the trial Judge err in excusing him and in appointing Overton to act in his stead; and (2) Overton having been thus appointed District Attorney *pro tem* was it legally permissible for him to continue on in the case, in prosecution thereof, after the reappearance of the District Attorney on the second day of the trial?

## I.

The trial Judge did not err in excusing the District Attorney and appointing Overton in his stead.

The extreme, perhaps deadly, illness of a beloved grand-child was sufficient cause for Mr. Andrews' absence from the court. The state of mind, under the circumstances, of the grand parent was such, it may easily be imagined, as warranted him in asking to be excused.

A statute (Act 74 of 1886) authorizes district judges to appoint an attorney to represent the state when, *from any cause,* the District Attorney is recused, necessarily absent, or sick.

"Necessarily absent," as used here, means necessarily absent *from the court*—not *from the parish,* as is the contention of the defense.

A court is not to cease the performance of its functions because the prosecuting officer of the State is compelled to absent himself from it. And yet the business of prosecuting criminals before courts cannot go on without a prosecuting officer. Hence, the wisdom of the law empowering the judge of the court to supply the place of the District Attorney by the appointment of a member of the bar to discharge the duties of prosecuting officer. See State vs. Johnson, 41 La. An. 1076; State vs. Montgomery, 41 La. An. 1087; State vs. Richard, 42 La. An. 85.


## II.


The appointment of Overton having been made necessary by the absence of the District Attorney, and he having conducted the prosecution of the, case through the period of the introduction of the State's evidence, the examination of the State's witnesses, and having thus possessed himself of the facts of the case necessary to its argument before the jury, and having, too, alone represented the State during the greater part of the time when the defense was adducing its testimony, it would be an unreasonable requirement did the law exact his retirement *instanter* from the case the moment the District Attorney appeared in court.

It were a vain and futile thing to appoint him at all to conduct the prosecution of the case if the knowledge acquired in the course of the examination and cross-examination of witnesses called to testify, he is not to be permitted to utilize in argument, because, just prior to the argument, the District Attorney comes into court.

When the law spoke authorizing his appointment, it meant it to subserve a useful purpose. It intended that having, as the representative of the State, undertaken the prosecution of a criminal case called for trial, he should go on as such representative to the end of the trial.

The trial is to be viewed as a whole, so far as the discharge of his duty in reference to it is concerned, and the unlooked for return of the District Attorney did not, as to the case on trial, revoke his appointment.

He was acting as District Attorney *pro tem.,* representing the State, when the trial was begun. As such he conducted the trial through the greater part thereof. Then the District Attorney appeared. But Overton, *quoad* that trial, remained the District Attorney *pro tem.* to the end thereof.

Such is held to be the reasonable intendment of the law and the common sense of the situation.

The cause which necessitated the absence of the District Attorney having ceased, it was the duty of that official to report to the court. This he did, and, being there, it was entirely unobjectionable for him to take part in the further trial of the case. Indeed, we rather look upon it as his duty so to have done.

Judgement affirmed.

MONROE, J. I am of the opinion that the counsel appionted to take the place of the District Attorney became *functus officio* when that officer appeared and resumed the discharge of his duties and that the subsequent participation therein of both the District Attorney and his substitute rendered the prosecution illegal. I, therefore, respectfully, dissent.

Rehearing refused.