Statement of the Case.
MONROE, J.
It appears from the record that 31 citizens of the parish of Calcasieu presented to Joseph Moore, the district attorney, a petition alleging that David J. Reid, “who claims to have been elected and commissioned as sheriff, * * * is ineligible,” for certain reasons set forth in the petition, to the office, and praying said Moore to institute suit to have such ineligibility declared; that Moore then petitioned the district court, alleging that, for the purposes of certain criminal and civil proceedings brought against said Reid with respect to the matters which are said to render him ineligible to the office in question, he (Moore) had represented said Reid as his legal adviser, and praying that he be recused, and that a district attorney pro tern, be appointed to institute the proposed suit; that the judge of the district court accordingly appointed Morris R. Stewart to represent the state, and that Stewart brought the suit to have Reid declared ineligible to the office of sheriff; that Reid thereupon excepted, in substance, as follows:
That there was no suit pending in court which authorized the appointment of any one to act for the district attorney, and that Stewart was without capacity to prosecute the suit as brought by him or to stand in judgment for the purposes thereof; that said Stewart was not free to accept said appointment or to act under it, for the reason that his services, as an attorney, had been engaged by, and he had received compensation from, and had given advice to, private persons, with respect to the matters set forth in his petition.,
It further appears, from the testimony taken on the trial of the exception thus stated, that, before his appointment by the district court, the district attorney being absent, certain persons, citizens of the parish, had called on the relator for advice in regard to proceeding against Reid; that he came to New Orleans in their service and consulted the Attorney General; that he and his partner drew up a petition in the matter, and received $250 for their services; and that his employment in that connection terminated on the 4th of August, 1904, five days before he received his appointment from the district court. The exception as thus presented was maintained, and the relator has appealed from a judgment dismissing the suit.
Opinion.
District judges throughout the state are authorized “to appoint a competent attorney to represent the state in criminal and civil matters pending before their court, when from any cause the district attorney is recused, necessarily absent, or sick,” etc. Act No. 74, p. 113, of 1886.
This statute has been construed to mean that the business of the state, whether it be *893 actually in, or such as should be brought to the attention of, the courts, is not to be suspended by reason of the absence or inability of the district attorney, but that the machinery of government shall continue to move in the administration of justice, under the direction of a substitute for that officer. State v. Johnson, 41 La. Ann. 1076, 6 South. 802; State v. Montgomery, 41 La. Ann. 1087, 6 South. 803; State v. Smith, 107 La. 129, 31 South. 693, 1014.
We find nothing in the law of this state, nor in any considerations of public policy, which should disqualify the relator from representing the state, because of the fact that he had previously been consulted, as to the subject-matter involved, by citizens who contemplated taking action, and many of whom subsequently took action, by requesting the district attorney to bring a suit such as is now before the court. Those citizens might, with perfect propriety, have laid the facts in their possession before the district attorney, and have sought his advice as to preferring a request for the bringing of the suit, and if he had been in a position to advise them, and had done so, it could hardly be said that he would thereby have disqualified himself from bringing the suit; or it might have happened to the relator, after giving his advice in the matter, to have been elected to the office of 'district attorney, and it could not be said that he would then have been disqualified from bringing the suit by reason of the fact-that in his private capacity he had advised that -it might or should be brought. Again, it is well settled in this state that the Attorney General or a district attorney may be assisted in a prosecution by private counsel, and it has more than once been held that such counsel, with the permission of the official representative of the state, “may lead or conduct the prosecution alone.” State v. Russel, 26 La. Ann. 68; State v. Anderson, 29 La. Ann. 774. See, also, State v. Mangrum, 35 La. Ann. 619; State v. Mack, 45 La. Ann. 1155, 14 South. 141; State ex rel. District Attorney v. Recorder, 48 La. Ann. 1371, 20 South. 892; State v. Smith, 107 La. 129, 31 South. 693, 1014.
For these reasons, it is ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and the exception filed on behalf of the defendant overruled, and that this case be remanded, to be proceeded with according to law; the costs of the appeal to be paid by the defendant, and those of the district court to await final judgment.