(47 South. 438.)

No. 17,283.

STATE v. PETRICH.

(Oct. 19, 1908.)

1. INDICTMENT AND INFORMATION (§ 40*)—FILING INFORMATION—LEAVE OF COURT.

Under Act No. 156, p. 294, of 1898, amending and re-enacting Rev. St. § 977, an information, in a case not capital, may be filed in the clerk's office without the leave of the court having been previously obtained.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 151; Dec. Dig. § 40.*]

2. DISTRICT AND PROSECUTING ATTORNEYS (§ 3*)—PRIVATE COUNSEL.

Private counsel may be employed and permitted to assist the Attorney General or district attorney in the trial of a criminal case; and such officer, being present, may intrust to his associate the exclusive conduct of the case.

[Ed. Note.—For other cases, see District and Prosecuting Attorneys, Cent. Dig. § 12; Dec. Dig. § 3.*]

(Syllabus by the Court.)

Appeal from Criminal District Court, Parish of Orleans; Joshua G. Baker, Judge.

John R. Petrich was convicted of embezzlement, and appeals. Affirmed.

Ryan, Gautreaux & Sbisa, for appellant. Walter Guion, Atty. Gen., James Porter Parker, Dist. Atty., and Samuel Alexander Montgomery, Asst. Dist. Atty. (Henry Mooney, of counsel), for the State.

MONROE, J. Defendant, having been charged by information with the embezzlement of a sum exceeding $10,000, has appealed from his conviction and sentence. The transcript contains no bill of exception, but defendant's counsel assigns as errors apparent on the face of the record:

1. The information was filed without leave of the court.

Act No. 156, p. 294, of 1898, amending and re-enacting Rev. St. § 977, reads in part:

"Prosecutions for offenses, not capital, may be by information, which may be filed either in open court or in the office of the clerk of the district court having jurisdiction."

The next, and last, section repeals all laws that are inconsistent or in conflict, etc. From which it follows that the leave of the court is not required.

2. The tribunal in which defendant was convicted was illegally organized, in that the prosecution was assumed and conducted,

almost exclusively, by the attorney of the complaining corporation, instead of the district attorney or his assistant. The transcript shows the presence of the district attorney, or his assistant, at every stage of the prosecution, and also shows that during the two days of the trial the assistant district attorney was assisted by Henry Mooney, Esq. There is nothing to indicate that Mr. Mooney assumed or conducted the prosecution. Private counsel may, however, be employed to assist the Attorney General or the district attorney in the trial of a criminal cause. State v. Anderson, 29 La. Ann. 774; State v. Mangrum, 35 La. Ann. 619; Wharton's Cr. Pl. § 555; Bish. Cr. Pr. § 281.

And such officer, being present, may intrust to his associate the exclusive conduct of the case. State v. Reid, 113 La. 893, 37 South. 866.

The conviction was legal, and the verdict and judgment appealed from are affirmed.