MONROE, J.
Defendant was prosecuted by bill of information, in two counts, for unlawfully keeping and carrying on a grog and tippling shop without a license, and unlawfully retailing spirituous and intoxicating liquors without a license, the bill setting forth the particulars of the alleged offenses as follows:
“That, in support of each of the above counts the following sale will be proved: On March 22, 1911, one pint of whisky, the manual delivery of which was made by said Robert Moeling; that, in keeping said grog and tippling shop, said Robert Moeling made other sales than the one above mentioned; that the place where said grog and tippling shop was kept was at the building located at the northwest corner of Ryan and Lawrence streets, in the city of Lake Charles, in said parish and state, this building having no number, the number of the house next to it being 326.”
By an amendment to the bill, it was alleged that another pint of whisky was sold, at the same place, on March 18, 1911.
Defendant moved to quash the bill, on the grounds: (1) That prohibition and local option laws are in effect in the parish of Calcasieu and that the police jury has not imposed, and is without authority to impose, any tax or license for the keeping of a grog or tippling shop or the retailing of spirituous aDd intoxicating liquors; (2) that the acting district attorney, Robert L. Knox, is without authority to file the bill, not having been elected to the office of district attorney, but, having been appointed by the court, in certain cases, to act in the place of the district attorney; (3) that the bill alleges two separate and distinct offenses.
The motion was overruled and a bill of exceptions was reserved.
[1] 1. The state law (R. S. 910, as amended and re-enacted by Act 66 of 1902) provides that:
“■Whoever shall keep a grog or tippling shop, or retail spirituous liquor, without previously obtaining a license from the police jury, town, or city authorities, on conviction, shall be fined,” etc.—
and, if it be a violation of the law to keep a grog or tippling shop, or to sell intoxicating liquor, without a license, in a place where a license might be obtained, a fortiori is it a violation of the law to keep such shop or sell such liquor in a place where the law prohibits both the doing of those things without a license' and the issuance of any license therefor. State v. Kuhn, 24 La. Ann. 474; State v. Brown, 41 La. Ann. 774, 6 South. 688; State v. Gray, 111 La. 853, 35 South. 952.
[2] 2. The judge a quo states, in signing the bill of exceptions, that the district attorney being unable to attend to his duties, because of sickness, he appointed Mr. Knox, acting district attorney, under Act 74 of 1S86, and administered, the oath of office to him, and that he did not restrict his authority to specific cases. The act referred to authorizes the appointment, as made, and the appointee is vested with all the authority of the district attorney. State v. Johnson, 41 *207 La. Ann. 1076, 6 South. 802; State v. Montgomery, 41 La. Ann. 1087, 6 South. 803; State v. Fontenot, 48 La. Ann. 283, 19 South. 113; State v. Smith, 107 La. 129, 31 South. 693, 1014; State ex rel. Stewart v. Reid, 11 La. 890, 37 South. 866.
[3] 3. “Two distinct offenses may be charged in separate counts, and a conviction of either is unquestionably regular.” State v. Depass and Baptiste, 31 La. Ann. 489; State v. Gilkie, 35 La. Ann. 53; State v. Jones, 52 La. Ann. 212, 26 South. 782.
In the instant case, the second count, though charging an offense which may be distinct from that charged in the first, also serves as a specification of the charge contained in the first count, since, in order to be convicted of keeping a grog or tippling shop, one must be shown to have retailed spirituous liquor, and, the trial judge, in overruling defendant’s motion for a new trial, says:
“I would like to say, here, that I convicted on the first count, because the evidence and the law applicable thereto showed the keeping of a grog and tippling shop, without a license, in contravention of law. I acquit on the second count, which is a count showing an unlawful retailing, because the sale there mentioned was proved, yet, as the bill of particulars indicated, it was made from the grog and tippling shop, and therefore covered by that charge.”
[4] 4. Defendant moved that the district attorney be required to furnish a bill of particulars, “giving the date, place, and number of street, in city or town, where the defendant is alleged to have conducted a grog and tippling shop; and also giving the name, or names, of witness or witnesses, to whom intoxicating liquors were sold,” and the same with regard to the retailing of liquors; and that he further be required to set forth whether the alleged sales were made by defendant, as owner, principal, agent, or employe. The judge allowed the motion, in part, but refused to require the district attorney to furnish the names of the informants or of the witnesses, and held that the bills of information and particulars had been by him construed to mean that defendant in person was charged with having made the sales, to which ruling the bill of exceptions was taken. We know of no law which requires the state to set forth, in a bill of information, the names of the witnesses by whom it expects to prove the offense charged; nor do we know of any reason why the name of the person to whom liquor is sold, in violation of law, should be stated in such bill, since the offense is the same if the name of such person be not known and never ascertained. Defendant was informed of the dates and places of the sales alleged to have been made, and of the quantity and character of the liquor said to have been sold, and he and the district attorney were advised, in advance, that, there being but one defendant before the court, the bills of information and particulars were construed to mean that such defendant was charged with having made the sales in person; and, upon the trial of the case, he was confronted by the witnesses against him.
We find no error in the rulings complained of, and the conviction and sentence appealed from are accordingly affirmed.