6  311
118  659

## The State v. Daniel Gomer.

It is not a valid objection to an indictment against the accused for stealing a calf, that the terms he " did steal, take and *carry away*," are used instead of " *drive away*." Further, that the property stolen is described as goods and " *chattels*," instead of " *cattle*;" the term *chattles* including every species of personal property.

If the indictment shows the offence to have been committed in the parish, it is sufficient showing of its having been committed within the jurisdiction of the district court of that parish.

The Supreme Court will not revise upon a writ of error the decision of the district judge in a criminal case upon a matter which is subject to the exercise of his discretion; and consequently will not re-examine his refusal to grant a new trial.

The judge of the district court should state the reasons and refer to the law on which the judgment is founded. If he omits doing so, the Supreme Court will amend the judgment in these respects.

APPEAL from the District Court of West Feliciana, *Stirling*, J. *Isaac Johnson*, Attorney General, for the State. *Cowgill* and *Dunlap*, for appellant. The judgment of the court was pronounced by

PRESTON, J. The defendant was accused, convicted and sentenced for stealing a calf. He made a motion that judgment' on the verdict against him should be arrested, on the ground that the indictment charged that he " did steal, take and *carry away*," whereas it should have charged that " he did steal, take and *drive away*." Mr. Archbold gives the latter form of an indictment under a special statute in England, against stealing cattle, and which enumerates each kind of cattle as bulls, cows, oxen, calves, &c.

It is very proper to state the mode of stealing in a prosecution under a statutory offence, though we are not aware of any decision that the common law terms *carry away*" would not be sufficient as to the asportation even under the statute. But it is to be observed, that we have no special statute against stealing cattle. The offence with us is prosecuted as a larceny at common law. It is therefore as proper to use the common law terms *carry away*, as the terms *drive away*, although more expressive of the fact. The terms *carry away*, in common parlance as well as in common law, means to drive, lead, or even to ride the animal away, although in the last case, the thief causes himself to be carried instead of carrying away.

It was likewise assigned as a ground for arresting the judgment, that the animal should have been described as of the goods and *cattle*, and not of the goods and *chattels* of the owner. For the reasons just given, the last, being the common law description of things which are the subject of larceny, is a sufficient description. The legal definition of chattels embraces the animals of the owner, for it is a term which includes all kinds of property except the freehold or things which are parcel of it.

It has been assigned in this court as an error apparent on the face of the record, that the indictment does not show that the offence was committed within the jurisdiction of the Seventh Judicial District Court of the State for the parish of West Feliciana. It was found by the grand jurors of the parish of West Feliciana, sworn and impanelled to inquire for the body of that parish alone, and at a session of the District Court of the Seventh Judicial District in and for that parish. It charges that the offence was committed at that parish. From these

STATE
v.
GOMER.

facts it is necessarily inferred that the offence was committed within the jurisdiction of the court of that district. We know this from the allegations made in connection with our Constitution and laws. And although it is prudent, it is not absolutely necessary, to state in indictments what the law necessarily presumes. 1 Maule and Selwyn, 105. 2 Wilson, 147.

The affidavit filed for a new trial does not enable us to say that the district court did not exercise a proper discretion in refusing it. Moreover, a majority of this court are of opinion that the exercise of his discretion in this respect by the district court cannot be revised upon a writ of error.

It is assigned in this court for error, that the district court gave no reasons for its judgment, and referred to no law in support of it, as required by article 70 of the Constitution. We think the district court should have referred to the verdict of the jury as a reason for passing sentence upon the prisoner, also to the statute under which he was prosecuted, and by virtue of which he was sentenced to punishment. The judgment of the district court should be amended in this respect.

It is therefore ordered, adjudged and decreed, that *Daniel Gomer*, by reason of his prosecution and trial for larceny, and his legal conviction of the crime by the verdict of a jury of the parish of West Feliciana on the 17th day of December, 1850, and by virtue of the first section of an act approved the 19th day of March, 1818, entitled "an act to amend the penal laws of the State," be imprisoned at hard labor in the penitentiary of the State of Louisiana for the term of one year; that he pay the costs of his prosecution in the district court, and stand committed until the sentence is complied with. And it is further ordered, that the foregoing decree be entered in the case as the judgment of the District Court of the Seventh Judicial District of the State of Louisiana in and for the parish of West Feliciana.