No. 14,382.

STATE OF LOUISIANA VS. SAMPSON JOHNSON.

SYLLABUS.

1. The charge of the court in a criminal case must be assumed in the absence of proper recitals, to have been given under circumstances warranting it.

2. Bills of exception should be submitted to the District Attorney for inspection prior to being handed to the court for signature.

APPEAL from the Nineteenth Judicial District, Parish of Iberia— *Foster, J.*

*Walter Guion.* Attorney General, *Anthony N. Muller,* District Attorney *(Lewis Guion,* of Counsel), for Plaintiff, Appellee.

*Broussard, Dulaney & Broussard,* for Defendant, Appellant.

STATEMENT OF THE CASE.

The opinion of the court was delivered by

NICHOLLS, C. J. The defendant appeals from the verdict of a jury and a life sentence in the penitentiary, having been tried under an indictment for murder.

The only bill of exception in the record is one taken to two detached sentences in the judge's charge to the jury, in which he said:

"No person has a right to kill another because he was invited to enter into his house, and to follow and kill him without cause or provocation, and if he does it is murder."

"No one has a right to assume that a party visiting his house is violating its sanctity and kill him without cause or provocation—if he does, it is murder."

The objection urged was that it was a statement to the jury touching facts and the view taken thereof by the judge.

The charge itself is not in the record. Counsel makes no statement as to the circumstances under which the court made use of these two expressions. The charge must be assumed in the absence of proper recitals to have been given under circumstances warranting it. We

cannot reverse a verdict and sentence upon the showing made in this case. The words used could just as well have been harmless as injurious. The practice of taking bills upon sentences in a charge wrenched from the context, when it is so easy to require the entire charge to be made in writing and to place the whole matter before us, is calculated to work injury either to the State or to the accused.

The Attorney General and the district attorney object to the bill of exceptions taken. The latter claims that the bill should have been submitted to his inspection before being handed to the judge for his signature. We think this complaint well grounded. The State has a right to be heard before bills are signed. State vs. Laborde, 48 Ann. 1492.

We suggest to the district judges that before signing bills of exception they ascertain that they are presented to the district attorney.

The judgment is affirmed.