(43 South. 268.)

No. 16,444.

STATE v. BURKHALTER.

(March 4, 1907.)

1. INTOXICATING LIQUORS — ILLEGAL SALE — INDICTMENT.

An indictment charging the selling of liquor without a license in a named parish and on a given date is not upon its face objectionable for failing to set forth the particular place at which and the person to whom the liquor was sold.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 29, Intoxicating Liquors, §§ 227, 262.]

2. CRIMINAL LAW—APPEAL—PRESUMPTIONS.

When the allegations (of newly discovered evidence and of extrajudicial statements made by state witnesses) contained in a motion for new trial are unsworn to, and no evidence is adduced at the hearing of the motion, this court will presume that the judge, in refusing the new trial, made a wise use of his discretion.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Criminal Law, § 3069.]

(Syllabus by the Court.)

Appeal from Twenty-Sixth Judicial District Court, Parish of Washington; Thomas Moore Burns, Judge.

W. J. Burkhalter was convicted of an illegal sale of liquor, and appeals. Affirmed.

Prentiss Bernard Carter, for appellant. Walter Guion, Atty. Gen., and Joseph Bradford Lancaster, Dist. Atty. (Lewis Guion, of counsel), for the State.

MONROE, J. 1. Defendant was prosecuted under an indictment charging that on the 30th day of June, 1906, in the parish of Washington, and within the jurisdiction of the court, he "willfully and unlawfully did sell and retail spirituous and intoxicating liquors, without previously obtaining a license from the police jury, town, or city authorities, contrary to the form, etc.," and he moved to quash the same, on the ground that it is vague and obscure, in that it does not set forth the place or the person where and with whom the offense charged is alleged to have been committed," which motion having been overruled, he reserved his bill of exception.

The district attorney complains that this bill was not submitted to him before it was presented to the judge, and he founds his complaint upon expressions contained in the opinions of this court (State v. Johnson, 107 La. 546, 32 South. 74; State v. Laborde, 48 La. Ann. 1492, 21 South. 87). We adhere to the views expressed in those opinions, and think that when practicable, the prosecuting officer should be afforded an opportunity to examine the bills presented on behalf of the

defense, before they are signed by the judge. The matter is, however, under the control of the judge, and we are not prepared to hold that a bill signed by him will be disregarded because the course suggested may not have been pursued. There might be some force in the objection urged by the counsel for defendant, if it were made to appear that the charge, as formulated, were not complete in itself; but if it be true that it is an offense against the law to sell liquor anywhere in the parish of Washington, or to any person, then the particular place where the sale is made (so long as it is within the parish), and the particular person, are immaterial facts not necessary to be proved, and hence not necessary to be alleged. Rev. St. §§ 1062, 1063; State v. Ackerman, 51 La. Ann. 1213; 26 South. 80; State v. Gomer, 6 La. Ann. 311; State v. Kennedy, 8 Rob. 590.

2. Having been convicted, defendant moved for a new trial, on the grounds: That he had learned after the trial from a person named that a state witness had said he had made a mistake in his testimony.

That he would be able to prove by a person named that a state witness had said that "they" (meaning the two principal witnesses for the state) had sworn as they did in order to clear themselves.

That he would be able to prove by three persons whom he names that they saw the horses that were ridden by the state witnesses on the night of the alleged offense, and that they were in a condition which could not have been caused by riding them to and from defendant's house.

The new trial was refused, and defendant reserved his bill.

The allegations thus made are not sworn to by any one, and it does not appear that any one was called on to verify them, upon the hearing of the motion. There was therefore no error in the ruling of the trial judge, which is amply supported by authority.

State v. Sweeney, 37 La. Ann. 1; State v. Adam et al., 31 La. Ann. 717; State v. Williams, 38 La. Ann. 361; State v. Garig et al., 43 La. Ann. 365, 8 South. 934; State v. Maxey et al., 107 La. Ann. 802, 32 South. 206; State v. Washington, 108 La. 226, 32 South. 396.

The judgment appealed from is accordingly affirmed.