BREAUX, C. J.
By a hill of information; filed on the 10th day of April, 1911, the defendant was charged in one count with conducting a grog and tippling shop on the 21st day of March, 1911, without license, and in another count with retailing spirituous and intoxicating liquors, also without a license, contrary to and in violation of section 910 of the Revised Statutes.
And, the pleader added, at the end of the information, in support of the first count, that the sales were susceptible Of proof; that is. the sales of three drinks of intoxicants as charged, made on the 21st and 23d of March; and, in support of the second count, the pleader stated that he sold the same number of drinks at No. 806 Railroad avenue, in the city of Lake Charles.
The defendant pleaded not guilty, and thereafter he moved for a bill of particulars, alleging that the hill of information was vague and uncertain.
He asked to be informed of the dates the liquor was .sold; the quality and quantity of the liquor; to whom the liquor was sold; the time of day or night; the amount paid for the drinks and whether these sales were made by him as principal, agent, or employé, and whether consumed on the premises; and he asked to be informed of other facts about to the same effect.
He, in the second place, filed a motion to compel the state to elect upon which of the two counts it' would prosecute him.
The defendant’s application for a bill of particulars and his motion to compel the state to elect were overruled and denied.
The defendant was found guilty and sentenced to incarceration for six months, and to pay a fine of $500 and costs of prosecution. And, in default of payment, the court condemned him to be incarcerated for an additional six months, beginning at the expiration of the first six months, and subject to work, as ordered by the police jury, upon the public roads, as provided in Act 204 of *211 the Acts' of the General Assembly for the state of Louisiana for the year 1908, and subject to the commutations provided.
The foregoing sentence was imposed on the first count.
As to the second count, defendant was found not guilty, for the reason, as the court states in the judgment, that the sale of intoxicants relied upon in the second count was made at the same place the grog and tippling shop was kept, and not because the court did not find that defendant had not made the sale referred to on the second count'.
The defendant moved for a new trial on a number of grounds, to wit:
First. Conflicting testimony introduced.
Second. Confusion in dates.
Third. Insufficiency of identification.
Fourth. Unreliable testimony.
Fifth. The name of the purchaser was not given, nor the price paid, and other similar objections.
Sixth. The testimony of some of the witnesses of the state, in addition to its contradictoriness, had been paid for.
It is also urged in this motion for a new trial that the court failed to fully consider testimony regarding an asserted alibi.
The defendant also asked for a new trial on the ground of newly discovered evidence.
This motion for a new trial was overruled.
During the trial, an exception was taken to the court’s ruling refusing to compel the state to elect on which count the case would be tried.
Defendant also retained a bill of exceptions to the court’s ruling in refusing a new trial.
We have taken up the issues as argued, and have in the main limited the discussion to that argument.
The position of defendant, through learned counsel, in the first place is that the court erred in refusing to direct the district attorney to file a more ample bill of particulars.
[1] The following are the reasons of the trial court for his refusal:
“I overruled the motion for a bill of particulars, because the state in the bill of information has given all of the particulars necessary to enable the defendant to prepare his defense. I rule that the particulars thus stated in the hill of information will be given the same effect as if stated in answer to a motion for a bill of particulars, and furthermore the particulars .would be construed as meaning that defendant in person made the sales and delivered the liquor.”
If the defendant in person as charged made the sale and delivered the goods, he would necessarily be in full possession of the information showing whether he was owner, or clerk, or bartender.
The addenda, made part of the information, was substantially a bill of particulars. There was really no necessity for further amplification.
As relates to prematurity in this respect, by seeking to anticipate that a bill of particulars will be asked for: It will be of no avail, as the pleader may cover all that it is possible to state in a bill of particulars.
[2] There was a crime alleged — sufficiently alleged.
The following from Cyc. p. 216, is pertinent :
“The indictment must be drawn with such a degree of legal certainty as to identify a particular transaction complained of, to the end that the court may be able to judge whether the facts alleged are sufficient in law to support a conviction and to enable the accused to understand exactly with what he is called upon, to meet, and to plead a judgment in bar of the second prosecution for the same ofiense.”
This has been done, and at the same time the information has included the particulars, as before mentioned.
[3] As relates to the price paid — another objection of defendant, who urged that the price paid should have been alleged — the sale charged implies that a price was paid. There can be no sale without a price.
Again, another objection is that the name of the purchaser of the liquor was not given.
That point was disposed of in the case *213 of the State v. Selsor, 127 La. 513, 53 South. 737.
The text in Cyc. is the same. Yolume 22, p. 223.
Defendant, through learned counsel, also excepted to the court’s ruling in refusing to compel the state to elect' on which count the case would be tried.
The first answer which suggests itself to the motion made by defendant to compel the state to elect is that this motion was filed after defendant had pleaded to the bill of information.
The rule is laid down in Archbold’s Criminal Pleading, Evidence, and Practice, a recent publication, the 24th edition:
“It is said if the objection is taken before the plea, the court may quash the indictment.” Page 82 of that work, third paragraph.
The indictment is not defective.
It was competent for the state to select a single sale of intoxicants and charge it in a separate count, and, if the state failed in finding the accused guilty of keeping a grog and tippling shop, as charged in the first count, then fall back on the second count charging the unlawful sale.
The trial court held that it would not find the accused guilty on both counts. According to. his statement, he found the accused guilty on the first count', and deemed it advisable to acquit him on the second count.
It was not an unlawful cumulation of offenses, such as rendered it necessary to compel the state to elect.
[4] While it is true that count's for distinct and dissimilar felonies cannot be united in one information, it is different as to misdemeanors; they can be alleged in one information. State v. Gilkie, 35 La. Ann. 53.
Distinct misdemeanors may be joined in one count.
Bishop’s New Criminal Procedure, vol. 1, i 452:
“In liquor selling, several counts for distinct sales may be combined in one indictment and the cumulative penalty imposed.”
In' the present case the cumulative penalty was not imposed, but the defendant was acquitted on the second count.
In well-considered opinions upon the subject, it was decided that the judge having found in negative on the second count, it is as if it' had never been inserted in the indictment. Commonwealth v. Packard, 5 Gray (Mass.) 101; Commonwealth v. Cain, 102 Mass. 487.
It follows that the judge having acquitted the accused on one of the counts, left defendant without good ground of defense.
[5] The motion to elect and the objection to the cumulation of these offenses have no ground upon which to stand.
The objection upon these grounds must be overruled.
[G] But, says the defendant, through learned counsel, the date must be given, besides the hour, whether in the night or the day time.
If this were required, it would be going beyond the limit of good practice.
There is no jurisprudence requiring such accuracy in matter of time.
The defendant also complains that the names of the witnesses were not given to him for his information as to who were the witnesses.
There is no law requiring that the names of witnesses shall be furnished.
The witnesses confronted the defendant in open court; he had the opportunity to hear them and cross-examine them. That was all that was necessary.
The defendant is pleased to contend that he was not given the benefit of a reasonable doubt; that, on the contrary, the benefit of the reasonable doubt was erroneously construed against defendant.
We have found no error in this respect in the court’s ruling.
*215 Doubtless the court gave him the benefit of such doubts as an accused is entitled to. There was no reason why the court should not.
We will not indulge in inferences in that respect.
In stating the different grounds, we have already mentioned that it is charged that the witnesses for the state were paid.
The scope of this ground is broad and far-reaching, but it is not sustained before us by proof.
We infer that some of the witnesses were paid as agents or employes to collect facts regarding the asserted violation of the laws against prohibition, which is enforced in the parish of Calcasieu.
As there is no proof upon the subject, there is no merit in the point. It was for that court to determine whether or not these employés were creditable.
The asserted failure on the part of the court to consider the evidence on the alleged alibi is not here a serious ground of defense.
It is decidedly advisable, in the geographical subdivisions of the state that have pronounced against the sale of intoxicants, to abide by the rule adopted by the majority.
The decision in this case to the extent that the questions are before us for review does not show in. what respect the court has erred. The defendant then will have to suffer the sentence imposed.
The judgment is therefore affirmed.