LAND, J.
The indictment charged that the defendant on the 15th day of November, 1912, in the parish of Winn, did then and there retail spirituous and intoxicating liquors by selling and delivering something in the nature of bottle beer in pint bottles which was intoxicating, without first having obtained a license therefor, etc.
Defendant appeared, and, representing that his firm was selling nonintoxicating malt liquors under a license, prayed for a bill of particulars of the date when said liquors were sold, to whom sold, whether sold by himself or his partner, the quantity sold, the price paid, who the party or parties were who became intoxicated on drinking said liquors, and what the alcoholic contents of said liquors were.
The bill of particulars furnished is substantially as follows:
“The defendant sold about 40 bottles of something like beer in pint bottles on or about the 15th. day of November, 1912, at a point about one-fourth of a mile northeast of Womack, Jackson parish. The state is unable to give the time more nearly because the witnesses are uncertain of the exact date; and is unable to give the quantity sold exactly for most of those who drank the intoxicating liquors became at the time too much intoxicated to and do not remember how much they bought, but know they bought several bottles for each man, but shows that defendant personally sold and delivered said intoxicating liquors, that it contained more than 2 per cent, alcohol, and that defendant was paid 15 cents for each bottle and in instances possibly sold 2 bottles for 25 cents.”
Defendant objected to the bill of particulars on the ground that it did not disclose-the names of the persons who became intoxicated on drinking the beverage alleged to have been sold. The judge overruled the objection, and the defendant excepted.
It appears from the notes of evidence that on the trial of the case the state asked two witnesses, who had testified that they had bought so-called near beer from defendant some time in the month of November, whether they had bought near beer or what they eáll near beer at any time within a month previous to the sales to which they had testified.
Counsel for defendant objected for the reason that it was an attempt to prove other sales of intoxicating liquors not alleged in the indictment or bill of particulars. The objection was overruled by the judge on the ground that the testimony was offered for the purpose of showing system, intent, motive, and to negative the proposition (sic) of mistake and to show guilty knowledge. Defendant excepted to the ruling of the court and reserved a bill of exception. Neither the notes of evidence nor the bill show that either of the witnesses answered the question propounded to them.
The defendant was found guilty; and a few days later filed a motion for a new trial, which was overruled. The defendant *63 took no bill of exception to the overruling of his motion for a new trial.
The defendant was sentenced to imprisonment in the parish jail for 60 days, and to pay a fine of $325 and costs. Defendant has appealed.
[1] The only objection to the bill of particulars was that it did not disclose the names of the persons who became intoxicated on drinking the beverage alleged to have been sold. It appears from the bill of particulars that the persons who had become intoxicated had bought the beer from the defendant. This court has held that the defendant cannot require the state to disclose the name of the purchaser of intoxicating liquor. State v. John, 129 La. 208, 55 South. 766; State v. Selsor, 127 La. 513, 53 South. 737. Moreover, we know of no law which requires the prosecution to disclose in advance the names of the state witnesses.
[2] The second bill discloses no prejudice whatever to the defendant, as it does not show that the witnesses answered the question. See State v. Le Blanc, 116 La. 822, 41 South. 105.
[3] There was no bill of exception reserved to the overruling of the motion for a new trial, and it therefore cannot be considered. See State v. Riney, 125 La. 121, 51 South. 89.
Judgment affirmed.