LAND, J.
The defendant, W. A. Jackson, appealed from a sentence of fine and imprisonment for unlawfully keeping a grog and tippling shop on the 1st day of November, 1913, in the parish of Union, without having previously obtained a license from the police jury of said parish or any municipal authority therein.
[1] Error is assigned in overruling a motion by defendant for a bill of particulars, setting out time, place, class of liquors kept or sold, manner of running tippling shop, names of witnesses to whom sales were made, and kind of liquor, if any, in possession of the district attorney, which he claims was kept by defendant.
The information charged the time, and the judge overruled the motion except as to the place, which was furnished by the district attorney. Defendant’s counsel took a bill of exceptions to the ruling of the court. In his per curiam, the judge says:
“The defendant being charged with keeping a grog shop, it is sufficient, as I understand the *368 law, to require the state only to give the particular place.”
Defendant was indicted under Act 66 of 1902, amending and re-enacting section 910 of the Revised Statutes of 1870, so as to read in part as follows:
“Whoever shall keep a grog or tippling shop, or retail spirituous or intoxicating liquors without previously obtaining a license, etc.”
[2] It is obvious that the statute denounces two cognate offenses; the' one the keeping of a grog or tippling shop, and the other the retailing of intoxicating liquors.
“The offense of keeping such a place is distinct from that of illegally selling or illegally keeping for sale.” McClain, Crim. Law, vol. 2, § 1248.
“It is not necessary to charge the particular forms of illegal sales; nor is it necessary to allege the name of the parties to whom the illegal sales were made; the gist of the offense is the keeping of the place.” Id. § 1249.
The keeping of such a shop may be shown by the action and conduct of persons visiting the place, by the presence therein of bottles, glasses, and other appurtenances commonly used in drinking saloons, and by other circumstances. Id.
In State v. Selsor, 127 La. 515, 53 South. 737, the defendant was charged with unlawfully retailing intoxicating liquors without a license.
In State v. Moeling, 129 La. 203, 55 South. 764, the defendant was prosecuted in separate counts for unlawfully keeping a grog and tippling shop, and also for unlawfully retailing intoxicating liquors, without a' license. The defendant was acquitted on the second count, and found guilty on the first count. On defendant’s appeal, the only question for review was the legality of his conviction for keeping a grog and tippling shop. The only particulars asked under the first count were as to date, place, and number of street, and the name or names of witnesses to whom the intoxicating liquors were sold. It appears that the bill of information gave | the date, place, and street location; and, as to the other requested information, this court said:
“We know of no law which requires the state to set forth, in a bill of information, the names of the witnesses by whom it expects to prove the offense charged; nor do we know of any reason why the name of the person to whom liquor is sold, in violation of law, should be stated in such bill, since the offense is the same if the name of such person be not known and never ascertained.”
Defendant is charged with keeping a shop for the illegal sale of intoxicating liquors. The language of the statute implies habitual action on the part of the keeper, but the offense is not necessarily a continuing one; if at any time the place is kept for a purpose forbidden by law, the crime is complete.
“On the other hand, one sale is not enough to show that the place is kept as a nuisance; there must be some succession of sales or other-illegal acts.” McClain, supra, § 1284.
The statutory offense consists in the keeping of a shop for the purpose of illegal sales of intoxicating liquors. On such a charge a conviction may be had on circumstantial evidence, without direct proof of particular sales of intoxicating liquors.
Defendant was informed by the information, as amended, that he was charged with keeping a “blind tiger,” on a certain date, in a particular building. We think that the defendant was sufficiently informed of the nature of the accusation made against him. I-Iis motion for a bill of particulars called for a disclosure, in advance, of all the evidence that the state expected to adduce on the trial of the case.
Defendant objected to a certificate showing that the United States Internal Revenue-Collector issued a retail liquor license to him for the business of retail liquor dealer,. State street, Junction City, Union parish, state of Louisiana, on the ground that the certificate was not properly authenticated, and that said license issued after the filing of the information in this case. The certifi *370 cate, as we read it, shows that the defendant owed a license tax “from September,” and that the tax was paid “December 15, 1913.”
The certificate was signed by the Collector at his office in New Orleans.
The per curiam of the trial judge reads as follows:
“The evidence was amply sufficient tó convict without reference to the document, and the court stated at the time that it would be considered with all the' other evidence, and that the objection went to the effect.” ,
We must conclude from this per curiam that, if there was any error in the tentative admission of the said certificate, the action of the court worked no prejudice to the defendant.
Judgment affirmed.