(71 South. 734)

No. 21835.

STATE v. SMITH.

(April 24, 1916.)

*(Syllabus by the Court.)*

1. INTOXICATING LIQUORS ⬅219 — INDICTMENT OR INFORMATION — NAME OF PURCHASER.

The state is not required to inform the defendant, in a bill of information or indictment charging him with having unlawfully sold intoxicating liquor, of the name of the purchaser.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 237–239; Dec. Dig. ⬅ 219.]

2. CRIMINAL LAW ⬅698(1)—TRIAL—RECEPTION OF EVIDENCE—OBJECTIONS.

Under the common-law doctrine of aider by verdict, the defendant in a criminal prosecution must object to the introduction of evidence to prove that the offense was committed on another date than that stated in the indictment or information, or he will be held to have waived any objection on that score.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1651, 1653; Dec. Dig. ⬅ 698(1).]

Appeal from Fifth Judicial District Court, Parish of Winn; Cas Moss, Judge.

Lee Smith was convicted of retailing intoxicating liquors without a license, and appeals. Affirmed.

Huey P. Long, Jr., of Winnfield, for appellant. R. G. Pleasant, Atty. Gen., and Julius T. Long, Dist. Atty., of Winnfield (G. A. Gondran, of New Orleans, of counsel), for the State.

O'NIELL, J. The appellant was convicted of retailing intoxicating liquor without a license, and was sentenced to pay a fine of $305 and costs and to serve six months imprisonment in the parish jail, and, in event of his failure to pay the fine, to serve an additional term of 12 months in jail. He relies upon two bills of exception for a reversal of the verdict and sentence.

[1] The first bill was reserved to the ruling of the district judge refusing to compel the district attorney to inform the defendant in a bill of particulars of the name of the person to whom the state intended to prove the liquor was sold. It has been decided at least four times recently that the state is not required to inform the accused of the name of the purchaser in a bill of information or indictment charging the illicit sale of intoxicating liquor. See State v. Selsor, 127 La. 515, 53 South. 737; State v. John, 129 La. 212, 55 South. 766; State v. Munlin, 133 La. 60, 62 South. 351; State v. Coile, 137 La. 673, 69 South. 90. We adhere to these decisions.

[2] The second bill of exceptions was reserved to the overruling of the defendant's motion for a new trial. The complaint is that the proof did not correspond with the bill of particulars as to the date of the alleged crime. In the statement per curiam in the bill of exceptions it is said that the proof was that the crime was committed on the 21st of December, although the state had charged in the bill of particulars that it was committed on the 22d of that month.

The purpose of requiring the prosecuting officer to inform the accused person of the exact date of the alleged crime, if he demands that information, is twofold: First, to enable him to prepare his defense; and, second, to prevent another prosecution for the same offense. The furnishing of a bill of particulars therefore might cause a grave injustice if the prosecuting officer were permitted, over the defendant's objection, to prove that the crime was committed on another date than that stated in the bill of particulars. In the case before us, however, the defendant did not urge any objection to the introduction of the evidence when it was offered. He was informed with particularity of the transaction which the prosecuting officer intended to prove against him. The bill of particulars identified the sale by stating the kind and quantity of the liquor sold, the price paid, and the place of the sale with precision. It is not, and cannot be, contended that the transaction proven was not the same transaction referred to in the bill of particulars. The only complaint is that the defendant was convicted of a crime committed on the 21st of December, in a prosecution for the commission of that particular crime on the 22d of December. Our opinion is that the defendant's failure to object to the introduction of the evidence, when it was offered, of the commission of the crime on another date than that stated in the bill of particulars, was a waiver of any complaint on that score. See State v. Stover, 111 La. 92, 35 South. 405; State v. Doucet, 136 La. 181, 66 South. 772; State v. Gremillion, 137 La. 291, 68 South. 615. The common-law doctrine of aider by verdict is recognized in our jurisprudence. See Marr's Criminal Jurisprudence, p. 821, § 476.

The conviction and sentence appealed from are affirmed.