(73 South. 246)

No. 22122.

STATE v. GARLAND.

(Oct. 30, 1916.  Rehearing Denied Dec. 11, 1916.)

*(Syllabus by Editorial Staff.)*

1. CRIMINAL LAW ☞1001—SUSPENDED SENTENCE—STATUTE.

Under Act No. 74 of 1914, § 7, providing that, on conviction of a misdemeanor, the judge may suspend sentence if he finds that defendant has never before been convicted of any felony or misdemeanor, and shall permit testimony as to defendant's general reputation on request of the defendant, the court may suspend a sentence on a conviction for a misdemeanor only after testimony has been heard.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2554–2559; Dec. Dig. ☞1001.]

2. INDICTMENT AND INFORMATION ☞110(31)—LANGUAGE OF STATUTE—"BLIND TIGER."

Under Act No. 8, Ex. Sess. 1915, making it an offense to keep a "blind tiger," defined to be any place in the state where the sale of liquor is prohibited, where such liquor is kept for sale, barter, or exchange, or habitually given away, an indictment fixing a certain day, and practically following the words of the statute, was sufficient.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 291–294; Dec. Dig. ☞110(31).

For other definitions, see Words and Phrases, First and Second Series, Blind Tiger.]

3. CRIMINAL LAW ☞444—EVIDENCE—ORDINANCE OF POLICE JURY—SIGNATURE.

No law requires ordinances of the police jury establishing prohibition to be signed, so that they may be received in evidence, without the genuineness of the official signatures thereto having been first proved.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1028; Dec. Dig. ☞444.]

4. INDICTMENT AND INFORMATION ☞121(2)—BILL OF PARTICULARS.

Under an indictment for keeping a blind tiger, not charging defendant with selling or giving away intoxicating liquors on any particular occasions, he was not entitled to a bill of particulars as to the times when he sold or gave away liquors.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 317; Dec. Dig. ☞121(2).]

5. CRIMINAL LAW ☞1064½—RECORD—SIGNATURE OF JUDGE.

A bill of exceptions and a ground for new trial that the judgment was contrary to the law and the evidence, not signed by the judge, could not be noticed on appeal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2676, 2887, 2948; Dec. Dig. ☞1064½.]

Appeal from Fourth Judicial District Court, Parish of Union; John B. Holstead, Judge.

D. B. Garland was convicted of a misdemeanor, and he appeals, and in respect to the suspension of the sentence the State also appeals.  Judgment annulled, in so far as it

suspends the sentence of imprisonment; otherwise, affirmed.

A. V. Coco, Atty. Gen., and H. B. Warren, Dist. Atty., of Ruston (Vernon A. Coco, of Marksville, of counsel), for the State. J. Walter Elder, of Farmersville, for defendant.

PROVOSTY, J. In this case both the state and the accused, have appealed.

[1] The state complains that the judge suspended the sentence of imprisonment without having heard any testimony as to the general reputation of the accused, or as to his having ever been convicted in the past of a felony or misdemeanor.

The act authorizing the suspension of sentences (Act 74 of 1914, § 7) reads:

"That when there is a conviction of a misdemeanor in any court in this state, the judge may suspend sentence if he shall find that the defendant has never before been convicted of any felony or misdemeanor. The court shall permit testimony as to the general reputation of the defendant, and as to whether the defendant has been convicted of a misdemeanor or felony, but such testimony shall be submitted only upon the request of the defendant. * * *"

The contention of the state must be sustained. The court is allowed by this act to suspend a sentence only after testimony has been heard.

[2] Accused's first complaint is to the overruling of his motion to quash. The ground of the motion is that:

"The indictment does not set out any facts charging an offense under the laws of the state."

Act No. 8 of the Extra Session of 1915 makes it an offense to keep a blind tiger, and defines a blind tiger as follows:

"That a 'blind tiger' is hereby defined to be any place in those subdivisions of the state where the sale of spirituous, malt or intoxicating liquors is prohibited, where such spirituous, malt or intoxicating liquors are kept for sale, barter, or exchange or habitual giving away."

The indictment in this case reads:

"That on the 25th day of February, 1916, the defendant did willfully and unlawfully, in a certain room or place in the Robinson Building, in the town of Bernice, parish of Union, where the sale of liquor is prohibited by law, keep and have intoxicating liquor for sale, barter, exchange, and habitual giving away; and therefore he, said D. B. Garland, did then and there keep a blind tiger."

We do not see in what respect this indictment fails to charge the offense denounced by this statute. It practically does so in the very words of the statute.

The next complaint is that over objection the state was allowed "to show that other business was conducted on the premises in question." What was the ground of the objection, and wherein this further showing could have prejudiced the case, the bill does not show, and we are at a loss to conceive.

[3] His next complaint is that the ordinances of the police jury establishing prohibition were received in evidence without the genuineness of the official signatures thereto having been first proved. What was offered in evidence was the book constituting the official record of the proceedings of the police jury, in which the ordinances in question were duly entered. The objection was not that the record itself, instead of a certified copy thereof, was being offered, but that the signatures to the ordinances as entered on the record were not shown to be genuine. This objection was clearly without merit. In fact, so far as we are informed, no law requires ordinances of the police jury to be signed.

[4] Another complaint is that his request for a bill of particulars was refused. He had asked to be "advised on what occasion he had either sold or given away intoxicating liquors in the premises described." He was not charged with selling or giving away intoxicating liquors on any particular occasions; hence he was not entitled to any particulars on those points. The charge was of keeping a blind tiger, and the time and place of this keeping were duly set forth in the indictment.

[5] There is another bill of exceptions, but

it is not signed by the judge, and cannot for that reason be noticed.

Nor can the ground for new trial that the judgment is contrary to the law and the evidence.

The judgment appealed from is annulled, in so far as it suspends the sentence of imprisonment against the accused, and is otherwise affirmed.