ST. PAUL, J.
In the foregoing cases the defendants were variously charged with, having in possession and with selling intoxicating liquors for beverage purposes.
By motions to quash and in arrest of 'judgment, they challenge the constitutionality of Act 39 of the Extra Session of 1921, commonly known as the “Hood Act,” on the ground that said act defines intoxicating liquors merely by reference to federal legislation, in contravention of section 18 of article 3 of Louisiana Constitution of 1921, which provides:
'“The Legislature shall never adopt any system or code of laws by general reference to such system or code of laws; but in all cases shall recite at length the several provisions of the laws it may enact.”
I.
In State v. Coco, 152 La. 241, 92 South. 883, this court held that the statute aforesaid defined three several kinds of intoxicating liquors, to wit:
(1)Alcohol, whisky, brandy, rum, gin, beer, ale, porter, and wine, all of which are commonly known and well recognized as intoxieating liquors, requiring no specific definition;
(2) Spirituous, vinous, malt, or fermented liquors, or liquids, by whatever name called, as defined by federal legislation; and
(3) Alcoholic liquids, either medicated, proprietary or patented, which are fit for use as a beverage, or for intoxicating beverage purposes, all as defined by federal legislation.
And we there held that that part of the statute which refers to federal legislation was—
“separable from that part which enumerates the liquors which are commonly accepted and generally understood as intoxicating beverages, and that, though the- objectionable part may be obnoxious to the Constitution of the state, on which question yve do not express any opinion, the statute as a whole is not unconstitutional, and may be enforced in cases not falling within the terms of the objectionable part.”
We therein held further that in prosecutions under that statute it was not necessary to specify the kind or quantity of liquor possessed by the defendant, but it sufficed that the charge should be framed in the language of the statute, and that if deficient in these particulars the defendant should have called for a bill of particulars. In these cases the defendants called for nio bill of particulars.
II.
In one of these cases the defendant says in her brief:
“The defendant on the trial of this ease contended and proved (which may be- aliunde the record) that she sold a nonalcoholic proprietary and patented preparation; but not* withstanding she was convicted.”
As to this however the record is admittedly silent, and in State v. Cleary, 152 La. 265, 92 South. 892, it was held (quoting the syllabus) that:
*607 “On appeal from a conviction under an indictment charging a sale of intoxicating' liquor, but not specifying the kind of liquor, the court has no right to assume that the liquor was not one of those specifically named in Act 39 of 1921 (Ex. Sess.) § 8, as to which the statute is constitutional.”
Decree.
The judgments herein appealed from are therefore affirmed.