(99 South. 45)

No. 26381.

## STATE v. SCOTT.

(Jan. 21, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Indictment and information** ⬤⟾121(4)—**Answer to motion for bill of particulars that defendant sold "whisky" held sufficient; "intoxicating liquor."**

In a prosecution under Act No. 39 of 1921 (Ex. Sess.) § 8, for selling intoxicating liquors for beverage purposes, it was not a ground of reversal that, in response to a motion for a bill of particulars inquiring as to the character of the liquor, the district attorney answered "whisky"; the words "intoxicating liquors" in the act including whisky.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Intoxicating Liquor.]

2. **Indictment and information** ☞121(1)—Refusal to compel state to divulge name of purchaser of prohibited liquor not error.

Where, in a prosecution under Act No. 39 of 1921 (Ex. Sess.) § 8, for selling intoxicating liquor for beverage purposes, the district attorney, on motion for a bill of particulars demanding the name of the purchaser, refused to divulge it, *held*, that it was not error to refuse to compel the state to disclose the name.

3. **Criminal law** ☞1134(4)—Facts on which state relies for conviction not reviewable on appeal.

As regards refusal of new trial for insufficiency of the evidence, the facts on which the state relies for conviction in a prosecution for crime are beyond the jurisdiction of the Supreme Court and not reviewable on appeal.

Appeal from Fifth Judicial District Court, Parish of Winn; R. W. Oglesby, Judge.

Will Scott was convicted of selling intoxicating liquors for beverage purposes, and he appeals. Affirmed.

Moss, Moss & Ware, of Winfield, for appellant.

A. V. Coco, Atty. Gen., W. J. Hammon, Dist. Atty., of Jonesboro (T. S. Walmsley of New Orleans, and A. J. Bordelon, of Marksville, of counsel), for the State.

By Division B, composed of DAWKINS, LAND, and LECHE, JJ.

LECHE, J. The defendant in this case was found guilty of selling intoxicating liquors for beverage purposes, and on this appeal he relies upon two bills of exception to set aside his conviction.

Before going to trial defendant moved for a bill of particulars and specially asked for the following information:

(1) The time when and (2) the place where the offense was committed, (3) the quantity of liquor sold, (4) the price at which it was sold, (5) the character of the liquor, and (6) the name of the purchaser. The district attorney answered each of the first four questions to the satisfaction of defendant. To the fifth question he answered, "Whisky," but he refused to answer the sixth question or to divulge the name of the person who purchased the whisky.

Defendant contends that he was entitled to know the alcoholic strength of the liquor and the name of the person who bought the same. To the refusal of the judge to order that he be given this information, he reserved a bill of exception.

[1,2] According to section 8 of Act 39 of 1921, the act under which defendant is being prosecuted, the words "intoxicating liquor" include whisky. Indeed, no liquor is better or more universally known in this country, as an intoxicant, than whisky, and to say that it might contain one-half of 1 per cent., or less, of alcohol, would be a contradiction of its inherent nature. There is therefore no reason in law or logic to support that contention of defendant. Nor was there any error on the part of the judge in refusing to compel the state to disclose the name of the purchaser of the whisky. See State v. Smith, 139 La. 442, 71 South. 734, and other precedents therein cited.

[3] Defendant's other bill was taken to the refusal of the judge to grant him a new trial. His motion for a new trial was based upon allegations (1) that the evidence was not sufficient to justify his conviction, and (2) that the judge had erred in the rulings which we have reviewed under the first bill. The facts upon which the state relies for conviction, in a prosecution for crime, are beyond the jurisdiction of this court, and therefore not reviewable on appeal, and the rulings complained of have already been sustained in considering the first bill.

For these reasons the judgment appealed from is affirmed.