ST. PAUL, J.
 

 The information charged that on or about December 10, 1924, defendant “did unlawfully sell and dispose of intoxicating liquor for beverage purposes.”
 

 Defendant tliereuiion asked for the following particulars, to wit; (1) The kind and the amount of liquors sold; (2) the time when the sale took place; (3) the person to whom the sale was made; and (4) the x>lace where the liquor was sold.
 

 On this the trial judge ruled (1) that defendant was entitled to be informed of the kind of liquor sold, but not of the amount; (2) that the state would be restricted in its proof to the date set forth in the information, but would not be confined to any precise hour of that day; (3) that the state would not be comxielled to name the person to whom the sale was made; nor (4) the precise place where the liquor was sold. And, accordingly, the state furnished the particulars ordered by the court, but none other, and defendant thereupon reserved his bill of exception.
 

 I.
 

 The court properly directed the state to set forth the kind of liquor sold. We have repeatedly held that a defendant is entitled to be informed of the kind of liquor he is charged with selling; but the reason of this is not that the defendant is entitled to be in
 
 *501
 
 formed of the proof which the state intends to adduce on the trial; but, rather, in order that the defendant may be enabled to demur to the charge or quash the same, on the ground, if such be the case, that the liquor sold does not come within the prohibition of the statute. See State v. Coco, 152 La. 242, 246, 92 So. 883, syllabus No. 3; State v. Marceaux, 152 La. 604, 93 So. 916, syllabus Nos. 2, 3.
 

 But the amount of liquor sold can have no such bearing on the case, since “the quantity of the intoxicating liquor'manufactured [or sold, or possessed] is not an element of the offense of manufacturing [or selling, or possessing] intoxicating liquors for beverage purposes.” State v. Pete, 153 La. 943, 946, 96 So. 818, 819. Hence “we see no good reason why the” quantity should be set out in a bill of particulars.” State v. Pete, ut supra. And we think the trial judge properly refused to require the state to set forth the amount of liquor sold.
 

 II.
 

 When the state charged that the liquor was sold on or about a particular day, there was no occasion for furnishing further particulars, since it would have been the duty of the trial court (in an offense of this kind) to confine the state, and restrict the proof, to the day named in the information, as the trial judge declared he would do, and as we assume he did do; there being nothing in the record to show that he admitted proof that the offense was committed on any other day. State v. De Arman, 153 La. 345, 95 So. 803.
 

 But the hour at which intoxicating liquor is sold has no more bearing on the offense of selling intoxicating liquor than has the hour at which such liquor is possessed upon the offense of possessing -intoxicating liquor. Hence we think the state was not required to set forth in detail whether the sale took place in the daytime, or in the night, or to specify the particular hour at which said sale took place. State v. De Arman, 153 Da. 345, 95 So. 803; State v. Mines, 137 La. 489, 68 So. 837.
 

 III.
 

 Nor has it any bearing on the offense of selling intoxicating liquor for beverage purposes to whom the sale was made. Hence we think the state was not required to give the name of the person to whom the defendant sold the intoxicating liquor. There was therefore no error on the part of the trial judge in refusing to compel the state to set forth the name of the purchaser of the intoxicating liquor. State v. Scott, 155 La. 222, 99 So. 45; State v. Smith, 139 La. 442, 71 So. 734; State v. Coile, 137 La. 673, 69 So. 90; State v. Mines, 137 La. 489, 68 So. 837; State v. Jackson, 135 La. 365, 65 So. 491; State v. Munlin, 133 La. 60, 62 So. 351; State v. John, 129 La. 212, 55 So. 766; State v. Mooling, 129 La. 204, 55 So. 764; State v. Burkhalter, 118 La. 657, 43 So. 268.
 

 IV.
 

 We have said that the state is not required to set forth the hour at which the sale takes place, and that it will suffice that the day be given; but to this much the defendant is entitled. State v. Selsor, 127 La. 513, 53 So. 737. And the reason for this difference is that, although neither the day nor the hour at which the sale is- made is of importance as to the offense itself, nevertheless the day may be of importance to the accused in making out his defense, whilst the hour is not so. For it is obvious that the defense in such ease may be an alibi, and a defendant ought not in reason to be required to account for his whereabouts for a longer period than 24 hours; but it is not unreasonable to expect him to be able to do that much.
 

 But it is equally obvious that, by accounting for his whereabouts during the said 24 hours, the alibi, if 'truthful, will suffice for a defense, regardless of where the sale be
 
 *503
 
 said to have taken place. Hence, for the purpose of such alibi, the defendant has no need to be informed of the place where the sale is alleged to have been made, since his Xiresence at any given place or places is a comxdete alibi as to all other places at the time. And, since the precise place where the intoxicating liquor is sold is not an element of the offense of selling intoxicating liquor for beverage purposes, it follows that the defendant is not entitled to be informed of the place. State v. Burkhalter, 118 La. 657, 48 So. 268; State v. Ackerman, 51 La. Ann. 1213, 26 So. 80.
 

 In this respect State v. Rollins, 153 La. 10, 05 So. 264, and State v. De Arman, 153 La. 845, 95 So. 803, are readily distinguishable. In both these cases the -defendant was charged with simply possessing intoxicating liquor, and the court held that they were entitled to know the nature of the possession with which they were charged, since such possession might be actual or constructive only, or in person or through another, and might even be not unlawful at one place or under certain circumstances, though unlawful at some other i)lace and under other circumstances. Act 39 of 1921, § 4. Hence an accused who is charged only with mere possession of intoxicating liquor “should be reasonably informed of the place and circumstances upon which the state will rely,” in order that he may be prepared to demur to the charge, or quash the same, on the ground, if such be the case, that the possession is not unlawful, or that the facts alleged do not constitute possession in him. But this has no application to the sale, or possession for sale, of intoxicating liquor for beverage purposes, which are always unlawful, unless done under a federal permit, which must be specially pleaded as a defense.
 

 Decree.
 

 The judgment appealed from is therefore affirmed.