(105 So. 243)

No. 27189.

## STATE v. LEWIS.

(June 22, 1925. Rehearing Denied July 13, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Indictment and information** ⬥⟿87(7)—**Allegation of commission of offense· "on or about" particular day sufficient.**

Information alleging commission of offense "on or about" a particular day is sufficient. .

2. **Indictment and information** ⬥⟿86(3)—**Need not designate particular place in parish where offense was committed.**

Under Rev. St. §§ 1062, 1063, information need not. designate particular place in parish where offense was committed.

3. **Intoxicating liquors** ⬥⟿219 — **Information charging sale need not name purchaser.**

Information charging sale of intoxicating liquor need not name purchaser.

4. **Intoxicating liquors** ⬥⟿215, 216—**Information need not allege alcoholic content of liquor sold, consideration received, or purchaser's attitude towards seller.**

Information charging sale of intoxicating liquor need not set forth alcoholic content of liquor, consideration received by seller, or friendliness or unfriendliness of purchaser towards seller.

5. **Criminal law** ⬥⟿1149—**Indictment and information** ⬥⟿121(1)—**Bill of particulars not matter of right; refusal of bill not ground for reversal, unless clearly prejudicial.**

Bill of particulars is not matter of right, but rests greatly in trial judge's discretion, and its refusal is not ground for reversal, unless prejudice be clearly shown.

6. **Indictment and information** ⬥⟿121(2)—**Refusal of bill of particulars, not necessary to defense, proper.**

Refusal of bill of particulars, not necessary to make proper defense, is proper.

7. **Intoxicating liquors** ⬥⟿226 — **Admission of testimony as to sale, by witnesses not remembering exact date, held not error.**

That witnesses testifying as to sale of liquor by defendant did not remember exact date, which was subsequently proved by other evidence, did not render admission of their testimony erroneous, where state made no attempt to prove sale on‘ date other than that alleged in information.

8. **Criminal law** ⬥⟿1064(1)—**Motion for new trial on ground that verdict is contrary to law and evidence presents nothing for review.**

Motion for new trial on sole ‘ground that "verdict is contrary to the law and‘ the evidence" presents nothing for review.

Appeal from Fourteenth Judicial District Court, Parish of Calcasieu; Jerry Cline, Judge.

Henry Lewis was convicted of selling intoxicating liquor for beverage purposes, and he appeals. Affirmed.

Griffin T. Hawkins, of Lake Charles, for appellant.

Percy Saint, Atty. Gen., John J. Robira, Dist. Atty., and S. H. Jones, Asst. Dist. Atty., both of Lake Charles, and Percy T. Ogden, Asst. Atty. Gen., for the State.

BRUNOT, J. The defendant was prosecuted, tried, and convicted and sentenced for the offense of selling intoxicating liquor for beverage purposes. From the verdict and sentence he has appealed.

The prosecution was by information. Defendant demurred thereto, alleged that the charge as made in the information was vague and indefinite, and moved the court for a bill of particulars, in which he prayed to be informed of the exact day, month, year, and hour of the alleged sale, the exact place within the parish where the sale was made, the kind and quantity of liquor sold, the

name of the purchaser thereof, whether the purchaser was a resident or nonresident of the parish, whether the purchaser was biased and prejudiced against or was an enemy of defendant, the conversation received by defendant for the liquor sold, the alcoholic content of the liquor, and whether the sale was made by defendant personally or through the agency of another.

The court granted the motion in part and overruled it in part, and in obedience to its ruling the district attorney answered the motion and furnished the following particulars:

"(1) The sale of the liquor was made on January 31, 1925.

"(2) The kind of liquor was whisky, commonly called 'shinny,' and the quantity was about one-half pint.

"(3) The sale was made direct, and not through an agent."

Bill No. 1 was reserved to the court's refusal to order the state to furnish all of the particulars called for in defendant's motion; and

Bill No. 2 was reserved to the overruling of defendant's objection to going to trial until all of the particulars called for in his motion were furnished. These bills present the same question and they may be considered together.

[1] In obedience to the court's order the district attorney definitely fixed the date of the sale, named the kind and specified the quantity of liquor sold, and alleged that the sale was made by defendant direct. In charging the commission of an offense, it is sufficient if the information alleges that it was committed *on or about a particular day.* State v. De Arman, 153 La. 345, 95 So. 803; State v. Oras Marcantel (No. 27136) 158 La. 674, 104 So. 612, and State v. Cryar (No. 27092) 158 La. 498, 104 So. 304, both of the docket of this court.

[2] The information charges that the offense was committed in the parish of Calcasieu and within the jurisdiction of the Fifteenth judicial district court. This fully complies with all requirements of the law with reference to the venue. It is not necessary to designate, in the information, the place in the parish where the offense was committed with particularity. R. S. § 1062, 1063; State v. Gomer, 6 La. Ann. 311; State v. Ackerman, 51 La. Ann. 1213, 26 So. 80; State v. Burkhalter, 118 La. 657, 43 So. 268; State v. Kilshaw, 158 La. 203, 103 So. 740.

[3] The name of the purchaser of the liquor need not be given. State v. Burkhalter, 118 La. 657, 43 So. 268; State v. Moeling, 129 La. 204, 55 So. 764; State v. Selsor, 127 La. 515, 53 So. 737; State v. John, 129 La. 212, 55 So. 766; State v. Munlin, 133 La. 60, 62 So. 351; State v. Jackson, 135 La. 365, 65 So. 491; State v. Mines, 137 La. 489, 68 So. 837; State v. Coile, 137 La. 673, 69 So. 90; State v. Smith, 139 La. 442, 71 So. 734; State v. Garland, 140 La. 401, 73 So. 246; State v. Scott, 155 La. 222, 99 So. 45; State v. Cryar (No. 27092) 104 So. 304,[1] recently decided by this court.

[4-6] We know of no law, and counsel has cited none, which requires the state to set forth in the information the alcoholic content of the alleged intoxicating liquor, or the consideration, if any, received by the seller thereof, or the attitude of friendliness or unfriendliness of the purchaser towards the seller. These are not elements of the offense charged. They are matters which pertain to the merits. They involve facts, and may have an important bearing upon the question of guilt or innocence, upon the trial, but they have no place in the charge. Moreover:

"A bill of particulars is not a matter of right; it rests greatly in the discretion of the trial judge, and its refusal furnishes no ground for reversal unless prejudice be clearly shown, and the refusal is proper when particulars are not necessary to enable defendant to make a proper defense." Marr, Crim. Jur. (2d Ed.) vol. 1, p. 515, § 348.

---

[1] 158 La. 498.

[7] On the trial of defendant, three witnesses, Mitchell, Isdale, and Yellot, testified to the fact of the sale, but were unable to fix the exact date thereof.

Bills Nos. 3, 4, and 5 were reserved to the overruling of defendant's objection to their testimony. The court's per curiam to bill No. 3 applies equally to bills Nos. 4 and 5, and is as follows:

"The district attorney stated that he could establish the exact date by other evidence, and subsequently the date of the sale testified to by witness Mitchell was proved, beyond a reasonable doubt, to be January 31, 1925. The state had a right to control the order in which its evidence was introduced."

The testimony of all of the witnesses related to one transaction. Three of them did not remember the exact date thereof, but, as there is no showing of an attempt by the state to prove a sale of liquor by defendant on a date other than that alleged in the information, the ruling of the court is correct.

[8] Bill No. 6 was reserved to the overruling of a motion for a new trial, which was based upon the sole ground that "the verdict is contrary to the law and the evidence." This motion presents nothing for review.

Finding no reversible error in the record, the judgment and sentence appealed from are affirmed.

---

(105 So. 244)