O’NIELL, C. J.
 

 Appellant was convicted of the offense of selling intoxicating liquor for beverage purposes. The record contains nine bills of exception.
 

 The first bill was reserved to the court’s refusing to compel the district attorney to furnish certain information asked for by the defendant’s attorney in a motion for a bill of particulars. The district attorney furnished most of the information asked for. That which was not furnished, and as to which appellant complains, was: (1) The name of the person who claimed to have bought the liquor, provided he was a- nonresident or stranger in the parish, or was biased or prejudiced against or an enemy of the defendant; and (2) whether the alleged purchase of intoxicating liquor was a bona fide purchase for beverage purposes, or a purchase merely to procure evidence for a prosecution.
 

 With regard to the first complaint, we have ruled consistently that the state is not required, in a bill of indictment or information for selling intoxicating liquor in violation of the prohibition law, to inform the defendant of the name of the person claiming to have bought the liquor. State v. Kuhn. 24 La. Ann. 474; State v. Brown, 41 La. Ann. 775, 6 So. 638; State v. Burkhalter, 118 La. 657, 43 So. 268; State v. Selsor, 127 La. 513, 53 So. 737; State v. Moeling, 129 La. 204, 55 So. 764; State v. John, 129 La. 208, 55 So. 766; State v. Munlin, 133 La. 60, 62 So. 351;
 
 *319
 
 State v. Jackson, 135 La. 365, 65 So. 491; State v. Mines, 137 La. 489, 68 So. 837; State r. Coile, 137 La. 673, 69 So. 90; State v. Smith, 139 La. 442, 71 So. 734; State v. Scott, 155 La. 222, 99 So. 45; State v. Cryar, 158 La. 498, 104 So. 304; State v. Marcantel, 158 La. 674, 104 So. 612; State v. Lewis, 159 La. 109, 105 So. 243. In some jurisdictions, the name of the purchaser must be given in an indictment for selling intoxicating liquor, or it must be alleged that the name is not known to the grand jury or prosecuting officer as an excuse for omitting the name from the indictment. In a majority of the states, however, it is deemed not necessary to inform the defendant of the name of the alleged purchaser in an indictment for selling intoxicating liquor. In 33 O. J. 724, is a list of 15 states in which it is required, and 22 states in which it is not required, to name or describe the alleged purchaser in an indictment for selling intoxicating liquor in violation of the prohibition law. See, also, note, 23 L. R. A. (N. S.) 582; Fletcher v. State, 2 Okl. Cr. 300, 101 P. 599, 23 L. R. A. (N. S.) 581; and 15 R. c. L. 387, § 152. Yery logical arguments are made on either side of the proposition. With the utmost deliberation we are committed to the rule prevailing in the majority of states. If the other rule is to be adopted, it should be done by tHe Legislature.
 

 It matters not that the defendant in this case asked for the name of the alleged purchaser only if he was a nonresident or stranger in the parish, or was biased or prejudiced against, or an enemy of, the defendant. If the person claiming to have bought the liquor was biased or prejudiced against the defendant, or was an enemy, the fact might have lessened the weight of his testimony; and, if he was a nonresident or stranger in the parish, the defendant was entitled to a reasonable opportunity to procure evidence as to whether the witness was worthy of belief. But the record does not show that the defendant was at a disadvantage in that respect. The rule is that, when a witness of that kind testifies against the defendant, if he is taken by surprise and wants time to procure evidence of the character of the witness, he should ask for it. In State v. Mines, 137 La. 489, 68 So. 837, where it was held that the state was not required to name the purchaser in an indictment for retailing intoxicating liquor without a license, the court said:
 

 “On the other hand, a defendant in such case has- the. right to impeach the character for veracity of any adverse witness who has given material testimony, and must be afforded some opportunity for the exercise of that right. Hence where the state refuses to disclose the names of its witnesses until the day of trial, and then produces persons who are unknown in the community and who admit that they are to be paid in the event the defendant is convicted on their testimony, and will otherwise receive nothing, a continuance should be granted, upon timely application, in order to afford the defendant an opportunity to inquire as to and impeach the characters of the witnesses so produced.”
 

 The defendant in this case did not ask fo-r a continuance, in order to investigate the character and reputation of the witness who testified that he was the purchaser of the whisky said to have been sold by the defendant. The record does show that the prosecuting witness was hired by the sheriff at a salary of 8100 a month “to find whisky sellers,” as the judge says in one of his statements per curiam, and that “the prosecuting witness was refunded all money he spent for the purchase of liquor.” The witness admitted that he gave up the position of town marshal in another parish, at 895 a month, to take the job of finding whisky sellers in Allen parish, at 8100 a month. It appears that the defendant in this case held the position of town marshal of Kinder, in Allen parish, when he was accused of selling the whisky, and that he was a candidate for reelection against five candidates, in an election to be held a few days later, and was defeat
 
 *321
 
 ed by a few votes. Those circumstances were matters for the district judge to consider, and which we assume he did consider, in deciding the question of the defendant’s guilt or innocence, over which we have not jurisdiction.
 

 The rule announced in State v. Mines, supra, affords protection to a defendant accused of the offense of selling intoxicating liquor for beverage purposes, when the district attorney refuses to divulge the name or identity of the so-called prosecuting witness until he is called to the witness stand. It might be better practice, more economical in the administration of justice, and perhaps fairer in some instances, for the district attorney to let the defendant know the name of the so-called prosecuting witness before the trial, rather than to give him the right to interrupt the trial by demanding a continuance when the witness is called to the stand; but that is a matter for the district attorneys and district judges to consider. The defendant did not ask for a continuance when the name and identity of the so-called prosecuting witness was divulged in this case; and it- is too well settled by the jurisprudence to be reconsidered now that the district attorney could not be compelled to divulge the name or identity of the so-called prosecuting witness before the trial.
 

 With regard to the defendant’s request in the motion for a bill of particulars to be informed whether the district attorney intended to prove that the liquor was bought for beverage purposes or merely for the purpose of prosecuting the defendant for selling the liquor, the judge says in the statement per curiam that he found, “as a matter of fact, from the evidence in the case, that defendant made a bona fide sale of intoxicating liquor as charged in the bill of information.” It was charged in the bill of information that the liquor was sold for beverage .purposes. It was not necessary to allege that it was bought for beverage purposes.
 

 The second bill of exceptions was taken to the overruling of an objection made by defendant’s attorney to a question propounded 'to the state’s witness as to whether the defendant had sold him the whisky which the district attorney produced in court. The objection was that the whisky had not been identified or proven to have been in the possession of the witness, or of an officer of the court, continuously since the date of the alleged sale. The statement per curiam shows that the whisky was afterwards so identified. The attorney for appellant does not refer to this bill in his brief, and we presume that he has abandoned it. There is no merit in it.
 

 The third, fourth, and fifth bills of exception are alike. They were reserved to rulings sustaining an objection of the district attorney to questions asked by the defendant’s attorney of the so-called prosecuting witness, under cross-examination. He had testified that he had bought the whisky from the defendant on the 6th of May. When asked on cross-examination how he remembered that it was the 6th of May he replied that he had put down the date in a memorandum book, and he produced the book. The defendant’s attorney took the book and began cross-examining the witness on the memoranda, which consisted of notations of the dates, May 4th, 5th, 6th, 8th, 9th, and 10th; after each date being the word “drinks” or “shinny,” and the price paid. There was no name of any one who had sold, the drinks or shinny. To test the memory of the witness, the attorney asked 'him whom he had bought the drinks or shinny from on the dates other than the 6th of May. The question was objected to as to the transactions for which the parties had not yet been prosecuted, and the court sustained the objection. The cross-examination was allowed as to the other transactions. There is no showing that the defendant was put to a disadvantage by the limitation put upon the cross-examination. The only purpose was, as we have said, to test the mem
 
 *323
 
 ory of the witness; and the judge says in the per curiam that the defendant admitted in his testimony that he was in the room of the witness, where the sale was alleged to have been made, on the 6th of May. The only question before the court was whether the sale was made on that day or not at all. The limit which the court put upon the cross-examination was not unreasonable nor harmful.
 

 The sixth bill was reserved to the court’s sustaining an objection to the defendant’s attorney’s asking the so-called prosecuting witness; “So you left a $95 a month job in your home town to take up a $100 a month job catching shinny makers in Allen parish?” The judge says in the per curiam that the question was a repetition of what the witness had already answered affirmatively. The learned counsel for appellant has not made any argument in support of the bill, or mentioned it in his brief. We assume that he abandoned it because, in the light of the per curiam, it has no merit.
 

 The seventh bill also appears to have been abandoned. It was reserved to the court’s sustaining an objection of the defendant’s attorney to the offering of a bottle of whisky in evidence as being the whisky that the defendant had sold. The objection was that the bottle of whisky offered in evidence had not been identified as that which the witness had brought to the sheriff. The judge says in the per curiam that the bottle of whisky offered in evidence was identified by the witness, who said he had bought it, and by those in whose possession it was from the time of the sale until it was offered in evidence. The bill of exceptions is therefore worthless.
 

 As to the eighth bill, the judge calls attention to the fact that the stenographer’s notes do not show that a bill was reserved at the time of the ruling. The judge, however, signed the bill, with the explanation that, when he made the ruling sustaining an objection made by the district attorney to a question asked a witness under cross-examination, he (the judge) did not see the relevancy of the question at the time, but told the defendant’s attorney that he might ask the question later if it became relevant. The attorney did not renew the question. He has not argued in support of the bill, or mentioned it in his brief, and we assume that he has abandoned it. It- does not show a reversible error, in the light of the judge’s explanation.
 

 The ninth bill was reserved to the overruling of a motion for a new trial, on the averment that the conviction was contrary to the law and the evidence. The learned counsel for appellant says that we ought to consider this question because all of the evidence in the case is attached to the bill of exceptions. The evidence, in narrative form, is attached to the bill of exceptions, with a caption stating that the judge agreed that; if it were put in that form, he would permit it to be attached to the motion for a new trial. At the conclusion of the per curiam, however, the judge says that his own recollection of the testimony on a great many points was at variance with the résumé submitted with the motion for a new trial. We have no authority or jurisdiction to decide upon the sufficiency of the evidence on the question of guilt or innocence.
 

 The conviction and sentence are affirmed.